NEW-YORK,<br>Oct. 1815.<br><br>COAN<br>v.<br>WHITMORE.

Judgment reversed.

————————

## COAN *against* WHITMORE.

THIS was an action of *debt,* on a single bill. The defendant pleaded, 1. *Non est factum;* 2. Payment at the day; 3. Payment after the day. The conclusion of these pleas was to the country, and the defendant added the *similiter* to each, and on these issues the jury found a verdict for the plaintiff.

The defendant moved in arrest of judgment, on the ground that the two last pleas, of *solvit ad diem,* and *solvit post diem,* required replications.

*Per Curiam.* The defendant, in his special plea, tendered an issue to the country, instead of concluding with a verification, as he ought to have done; and he added the *similiter* himself. This was a mispleading which is cured by the verdict. The defendant cannot take advantage of his own mispleading, to defeat the plaintiff's suit, when the jury have found a verdict for the plaintiff. (*Harvey* v. *Richards,* 1 *Hen. Bl. Rep,* 644.)

*If the defendant to a plea of solvit ad diem, in an action of debt, adds a similiter, and the jury find a verdict for the plaintiff, he can-not move in arrest of judg-ment, for want of a replication to his special plea.*

*A defendant cannot take advantage of his own mispleading to defeat the plaintiff's suit, when the jury have found a verdict for him.*

Motion denied.