## STEPHEN DAVIS *vs.* ENOCH CLEMENTS.

The warrant from selectmen to a surveyor of highways to collect highway taxes,
need not be under seal.
The return of a surveyor of highways upon his warrant of his doings is not compe-
tent evidence to be offered by him to a jury to prove the facts stated in the return.

THIS was an action of trespass for taking two steers of the
plaintiff and converting them to the defendant's own use.

The defendant pleaded that as to the force and arms, &c.
he was not guilty; and as to the residue he pleaded in bar
that being surveyor of highways, he took the steers as a dis-
tress for the non-payment of highway taxes by the plaintiff.
The plaintiff replied, that the defendant, of his own wrong and
without any such cause as by him alleged took, the steers, &c.
and concluded to the country, upon which issue was joined.

The cause was tried here at February term, 1821, when
it appeared in evidence, that the defendant was duly chosen
surveyor of highways, in Alton, in this county, for the year
1816; that the selectmen of that town committed to him a list
of highway taxes to be by him collected, and a warrant to
collect the same, but the warrant was not under seal; and in
in order to prove his proceedings in distraining the plaintiff's
oxen, the defendant offered the return of his doings on the
back of his warrant to the jury, and the same return was ad-
mitted in evidence to the jury by the court, and a verdict
taken for the defendant, subject to the opinion of the court
upon the validity of the said warrant and upon the admissi-
bility of the said return as evidence to the jury.

*Eastman,* for the plaintiff.

*Barker* and *I. Bartlett,* for the defendant.

RICHARDSON, C. J. The first question which this case pre-
sents for our decision, is, whether a seal is essential to the
validity of the warrant of a surveyor of highways? The
statute of February 27, 1786, entitled " an act for mending
" and repairing the highways in this state,"(1) authorizes
every town to raise, at their annual meetings in March, such
sum of money as they shall think proper for making, mend-
ing and repairing highways and bridges ; to be assessed upon
the polls and estates of the inhabitants by the selectmen in
the same manner the state tax is assessed, and the same act

(1) 1 N. H.
Laws 387.

provides that said towns shall choose surveyors of highways, and that " the selectmen shall on or before the first " day of June after the choice of such surveyors, limit their " several districts and give to each surveyor a list of each " person belonging to his district and of their respective pro- " portion of the sum voted to repair the highways as afore- " said." The act then directs surveyors to warn the inhabitants of their respective districts to work on said ways, " and if any person shall refuse, &c. the said surveyor is " hereby authorized and required to levy the delinquent's " part, or proportion of said money by distress," &c. And the surveyors are directed by the act to settle accounts with and pay the balance if any there be in their hands, to the selectmen, or town treasurer, " agreeable to the warrants or " directions given them for that purpose."

Such are the provisions of our statute in relation to the assessment and collection of highway taxes, and the statute does not require a warrant under seal to be delivered to the surveyor of highways in order to enable him to make a distress. It seems now to be well settled that a seal is not essential to the validity of a warrant, unless made so by statute. *Willes Rep.* 411, *Podfield vs. Cabell et a.—Buller's N. P.* 83.—3 *Levintz* 204, *Aylesbury vs. Harvey.* We are therefore of opinion that the warrant in this case, although not under seal, was sufficient.

The other question to be settled in this case is, whether the surveyor's return of his doings upon the warrant, was competent evidence to be offered by him to the jury to prove the facts stated in the return? And we are clearly of opinion that it was not competent evidence. His warrant was not returnable process; the statute has made it the duty of surveyors of highways to settle accounts and pay over any balance in their hands to the selectmen or town treasurer, but has not made it the duty of the surveyor to make any return of his doings upon his warrant. Where the law has made it the duty of a public officer to make a return of his doings, and has made him responsible for the truth of his return, a return may be evidence; but this is not that case.

Davis
*vs.*
Clements.

The return of the surveyor in this case is no better evidence for him than his own confessions and declarations would be, and was clearly incompetent evidence to be offered by him to the jury.

*Verdict set aside and new trial granted.*