##### IN THE

## SUPERIOR COURT OF JUDICATURE.

##### FOR

## THE COUNTY OF CHESHIRE, OCTOBER TERM,

### A. D. 1829.

---

### The JUDGE OF PROBATE *versus* BRIGGS.

A refusal by an executor or administrator to account for a particular sum, supposed to have been received by him on account of the estate, is not a breach of the condition of a probate bond.

A judge of probate may charge an executor or administrator with money not credited by him. And if there be any thing in his hands for which he has not given credit, it must be adjusted and determined when his accounts are settled in the probate court.

In debt upon a bond, if the defendant plead performance of the condition and the plaintiff assign an insufficient breach upon which issue is joined and found for the plaintiff, judgment must be arrested.

DEBT upon a probate bond. The defendant pleaded performance of the condition of the bond. To this the plaintiff replied, that the defendant, as administrator, received a sum of money belonging to the estate of his intestate, of which, although requested, he had refused to render an account, and issue was joined upon this allegation in the replication.

And a verdict having been returned in favor of the plaintiff upon this issue, *Joel Parker*, for the defendant, moved in arrest of judgment, on the ground that no sufficient breach of the condition of the bond was alleged.

*H. Hubbard* and *J. H. Hubbard*, for the plaintiff.

*By the court.* The question now to be decided, in this case, is, whether a sufficient breach of the condition of the bond has been assigned in the replication?

The condition of the bond, which is in substance prescribed by statute, is,

1st, That the administrator shall return to the judge of probate a just and true inventory of the estate of the deceased within three months from the date of the bond.

In Massachusetts, if an executor or administrator, having received personal property of the deceased, neglects to return an inventory, execution is awarded in a suit upon the bond for the whole penalty, to be distributed among the parties interested. Statute of 1786, chap. 54; 4 Mass. Rep. 323.

In assigning a breach of this clause in the condition, in an action on the bond, it must be averred that some property of the deceased came to the hands of the executor or administrator. 1 Pick. 20, *Walker* v. *Hall.*

It is only necessary to return one inventory. For all property subsequently received, the executor or administrator is bound to account, but not in the form of an inventory. 4 Pick. 50, *Hooker* v. *Bancroft.*

2d, Another clause in the condition of the bond, is, that the administrator shall well and truly administer, according to law, all the estate of the deceased at the time of his death, which shall come to the possession of the administrator.

The neglect of an executor or administrator to pay, upon demand, any debt, of the deceased which has been ascertained by the judgment of a court, there being assetts in his hands, is unfaithful administration, and a breach of this clause in the condition of the bond. 9 Mass. Rep. 114, *Cong* v. *Williams.*

Where an estate is insolvent, neglect by an executor or administrator to obtain license to sell real estate is unfaithful administration, and a breach of the condition of the bond. 3 Pick. 168, *Newcomb* v. *Wing.*

3d, A further clause in the condition, is, that the administrator shall deliver and pay to such person or persons as the judge of probate by his decree pursuant to law, shall limit and appoint, all the residue of the estate which shall be found remaining upon the account of the administrator.

No action can be maintained upon a probate bond, for the benefit of heirs at law, until there has been a decree of distribution and a demand. 5 Pick. 61, *Coffin* v. *Jones* ; nor for the benefit of a legatee, without a demand. 14 Mass. Rep. 428, *Prescott* v. *Parker.*

4th, Another clause in the condition, is, that the administrator shall make a just and true account of his administration, upon oath, to the judge of probate within one year.

In Massachusetts, if an executor or administrator refuse or neglect to account, upon oath, for such property of the deceased as he may have received, execution is to be awarded in a suit upon the bond, for the full value of the property of the deceased, without any allowance for the charges and expenses of administration or debts paid. Statute of 1786, chap. 54 ; 4 Mass. Rep. 323.

It has been decided, that a probate court, in adjusting the account of an executor or administrator, is competent to require an allowance of assetts not inventoried or credited. 4 Mass. Rep. 318.

Executors and administrators, being by law obliged to render an account on oath, cannot refuse to answer interrogatories touching any account. 1 Pick. 530, *Stearns* v. *Brown.*

It seems to have been sometimes taken for granted, that neglect or refusal to account for particular sums received by executors or administrators was a breach of the condition of the bond. 16 Mass. Rep. 129, *Paine* v. *Fox*, and 291, *Dawes* v. *Winship* ; 13 ditto, 177, *Dawes* v. *Edes* ; 4 Pick. 50, *Hooker* v. *Bancroft* ; 3 N. H. Rep. 309, *The Judge of probate* v. *Briggs.*

But a doubt having arisen in this case, whether that was sound law, we have been induced to examine attentively the general nature of the condition in these bonds.

We believe, that it has never been supposed, that a refusal by an executor or administrator to pay a debt, on the ground that nothing was due, might amount to a breach of the condition. In such a case, the usual course has been to have the debt ascertained by a judgment, and not to resort, in the first instance, to a suit upon the probate bond. It is the duty of executors and administrators to resist claims which they deem to be groundless, and it would be singular, indeed, if an honest discharge of this duty should be adjudged a breach of the condition of the probate bond.

So a refusal to pay a legacy, on the ground that nothing is due, is no breach of the condition of the bond. The case of *Rogers* v. *Wendell*, decided in Rockingham, November term, 1815, in this court, was debt upon a probate bond, given by Dorothy Wendell, as executrix of the will of John Wendell. The defendant confessed the breach of the condition, and upon a hearing in equity the plaintiff claimed to have execution for the value of a legacy, in the following words:

" I most earnestly beseech my beloved wife to be kind and attentive to all my children, more especially my deranged daughter, H. D. S. while she shall continue in a state of distraction, and to take such measures for her support and maintenance, if her husband cannot be made to do it, as she and my four sons shall advise."

On the part of the executrix, it was objected, that the will in this instance imposed only a moral, and not a legal obligation, which could be enforced in a court of justice.

Smith, C. J., who delivered the opinion of the court, said, whoever sued upon a probate bond must show a claim as a creditor, an heir, or a legatee, and that there was a just debt. In general, all claims must be liqui-

dated, before they could be recovered upon a probate bond. If a claim were admitted, it need be no further liquidated. In that case, the claim was neither liquidated, nor admitted, and could not be enforced in that way.

It seems to us, that a refusal to pay a legacy, the payment of which cannot be enforced by a suit on a probate bond, cannot be adjudged a breach of the condition of that bond.

And we are of opinion, that a refusal to account for a particular sum of money either on the ground that it was never received, or not received on account of the estate, or that it has been included already in an account settled, is not a breach of the condition of the bond. If an executor or an administrator is only bound to account for what may be justly due from him, and not for what those who are interested in the estate may claim to be due from him, if he is entitled to a hearing on the subject, and to an adjudication, this must be so. An honest resistance to a supposed unjust claim in such a case can never be deemed unfaithful administration. It is a breach of the condition to neglect or refuse to render an account ; but a refusal to account for whatever may be claimed against an executor or administrator, is not so.

If, when the account of an executor or administrator is adjusted in the probate court, those who are interested in the estate think that any thing, which ought to be credited to the estate, is omitted, then is the time to determine, in our practice, the validity of the claim. We are aware that in the case of *The Selectmen of Boston* v. *Boylston*, 4 Mass. Rep. 322, Sewall, J. suggested that a claim in a probate court against an executor might be rejected in order that the parties might have their remedy at law in a suit on the probate bond. But the practice is otherwise here. If either party, in such a case, is dissatisfied with the decision in the probate court, he may bring the cause to this court by appeal, and, on motion, have an issue formed and tried by a jury.

In this case, the breach of the condition assigned, is that the defendant having received a sum of money belonging to the estate, has refused to render an account of it ; or, in other words, as we understand it, has refused to give the estate credit for the said sum. And we are of opinion that such a refusal is no breach of the condition of the bond.

The issue then, which has been joined between the parties is an immaterial issue, and there must be either a repleader, a judgment for the defendant notwithstanding the verdict, or an arrest of judgment. 1 Chitty's Pl. 632 —635 ; 2 Tidd's Prac. 829—831 ; Doug. 745, *Taylor* v. *Whitehead* ; 1 Burr. 302 ; Willes, 366 ; Com. Dig. " Pleader," R 18 ; 2 Saund. 319, *b* note ; 12 Johns. 353.

The plaintiff demands judgment for the penalty of the bond. The defendant says the condition has been performed. The plaintiff assigns as a breach of the condition what is not a breach. The defendant should have demurred, but instead of that, he took issue upon the fact, and it is found against him. Yet still no breach of the condition is found, and the judgment must be arrested. 1 Chitty's Pl. 623 ; T. Ray. 86 ; 2 Saund. 84, *d.*