## JOSEPH SIAS *versus* PEASLEE BADGER.

In an action against an officer, a copy of an execution, which has been duly returned to court, with a return of the proceedings thereon, may be used as evidence in his favor.

Where an execution has been returned to the creditor, or his agent, and he fails to produce it on notice, parol evidence may be given of the officer's proceedings, or the court may consider them correct till otherwise shown.

TROVER, for a cow, and ten tons of hay. The cause was tried at January term, 1833, upon the general issue, and a verdict returned in favor of the defendant, which was taken, subject to the opinion of the court upon the following case.

The defendant, being a deputy sheriff, and having in his hands two writs against Sias, one in favor of James Shaw, and the other in favor of Francis Cogswell, on the 15th November, 1828, by virtue of the same writs, attached two cows and the ten tons of hay.

In those suits, judgment was rendered, in favor of Shaw, at April term of the Common Pleas, in this county, 1831, for $27,05 damage, and $45,67 costs, and execution issued, April 13, 1831 ; and judgment was rendered in favor of Cogswell, on the 8th November, 1830, for $5,32 damage, and $4,06, costs, and execution issued, on the 28th February, 1831.

Neither the executions above mentioned, nor copies of them, were produced upon the trial. But it appeared,

that, after they had been in part satisfied, by a sale of the hay, attached as aforesaid, they were, in December 1831, purchased for Sias by an agent, to whom they were delivered. But it did not appear that they ever came to the hands of the plaintiff. The agent testified that he had made diligent search for them, but could not find them. Notice had been given to the plaintiff to produce them, but they were not produced. Upon this the defendant was permitted to show, by parol evidence, that returns had been regularly made, on the executions, of the sale of the hay, and the proceeds applied to the payment of the same, and the jury were instructed, that, under the circumstances of the case, they might presume that the defendant, in selling the hay by virtue of the executions, had complied with all the requisitions of the statute regulating such sales.

*Bordman*, for the plaintiff.

*Cogswell*, for the defendant.

UPHAM, J. The statute, regulating the sale of goods, taken by virtue of an execution, renders it the duty of the officer to make a return of the execution, with his doings thereon, particularly describing the goods and chattels taken, and the sum for which each article was sold. And when his proceedings are regularly set forth, in compliance with the statute, and the execution is duly returned, the return is evidence of the doings of the officer, even in his own favor. 3 Starkie's Evi. 1358; 3 Mass. Rep. 487, *Livermore* v. *Bagley*; 7 Cowen, 310; 2 N. H. Rep. 391. And in such case, neither trover nor trespass, for taking the goods, can be maintained by showing the return false, but the remedy is an action for the false return. 3 Mass. 513.

The regular course for a sheriff, who has sold goods under an execution, is, to make a return of his doings to the Court from which the execution issued. But it is not uncommon with officers, in particular if the execution is

not satisfied in full, to deliver the execution and return to the creditor or his attorney. If any suit is brought for taking the goods, the execution is sent to the clerk and copies of the execution and return are procured, and these are the proper evidence of what was done by the officer.

In this case the executions and returns are traced into the hands of the agent of the plaintiff, and cannot be found. The case also finds that due notice had been served on the plaintiff to produce said executions, on the trial of this case, which he has failed to do, and the defendant moves for leave to introduce parol evidence to show that returns had been regularly made on the executions, of the property attached, and the proceeds applied in payment of them.

It would be very rigid law, in such a case, to prohibit the defendant from proving the regularity of his proceedings by the only mode which the plaintiff has left in his power. The rule laid down by the judge who tried the cause seems to us to be much more reasonable.

As the proper evidence of the proceedings of the officer had either been lost by the plaintiff, or his agent, or were withheld by them, it is but just, under the circumstances, to permit such secondary proof of the regularity of his proceedings as he may be able to make, and did the circumstances of the case require it, the Court would not hesitate to presume the proceedings to have been regular until the plaintiff should show the contrary.

*Judgment on the verdict.*