### THE JUDGE OF PROBATE *versus* JACOB LOCKE, et a.

A refusal, by an executor, to pay a debt of the testator, is not a breach of the condition of a bond to pay debts and legacies, unless the executor has previously admitted the debt to be due.

DEBT upon a probate bond, with condition, that Polly Wormwood, executrix of the last will of V. Wormwood, should pay all the debts and legacies of the deceased.

The defendants pleaded performance of the condition of the bond.

The plaintiff, in his replication, alleged a refusal by the said Polly to pay a certain debt of the deceased.

The defendants rejoined, that, at the time of the refusal, all remedy for the debt, against the estate, was barred by the statute of limitations.

To this there was a demurrer, and joinder in demurrer.

*Sawyer* and *Hobbs*, for the plaintiff.

*I. Bartlett*, for the defendants.

RICHARDSON, C. J. delivered the opinion of the court.

The replication, in this case, is insufficient. In general, a refusal to pay a debt, or legacy, is not a breach of the condition of a probate bond. 5 N. H. Rep. 69 ; 6 ditto, 142. But a refusal to pay a legacy, to which an executor has assented, is a breach of the condition of a bond to pay debts and legacies. 6 N. H. Rep. 141.

And, in this case, perhaps, if the executrix had admitted the debt to be justly due, and then had afterwards refused to pay, it might have been considered a breach of the condition of this bond.

But no such admission is disclosed in this case. The course to have been pursued by the creditor, was, to bring a suit and have the validity of his claim settled by a judgment, and then a refusal by the executrix, to sat-

isfy the judgment, would have been a breach of the con-
dition of the bond.

But a refusal to pay a debt, which she considers bar-
red by the statute of limitations, is no breach of the con-
dition of this bond.