## The Judge of Probate *vs.* Kimball.

The judge of probate may order the bond of an executor or administrator to be put in suit, without causing notice of the application therefor to be given to the obligors.

A testator gave the use and improvement of his real and personal estate to two of his sisters, during each of their lives—to his niece one hundred dollars, in one year after their decease—and to his nephew his real estate after the decease of his sisters, and all the residue of his estate not before disposed of—*Held*, that the legacy to the niece was not charged upon the land ; but that if there was not sufficient personal estate left, on the decease of the sisters, it was the duty

of the executor to procure a license, and sell real estate for its payment.—*Held*, *farther*, that without any evidence of assent by the executor, or any judgment against him, or demand upon him for the payment of the legacy, its non-payment was not a breach of the condition of his administration bond.

DEBT on a bond, made on the 17th of March, 1817, by Thomas Kimball, as principal, and John Kimball, and David Rundlet, now deceased, as sureties, to Daniel Gookin, esquire, late judge of probate, in the penal sum of $2000.

The writ was served on John Kimball only, who confessed a breach of the condition of the bond, and prayed to be heard in chancery ; and the case was submitted to the court upon a statement of facts.

The bond was made by Thomas Kimball, as executor of the last will of Samuel Wormell, deceased, with a condition that he should return a true and perfect inventory of the estate of said Wormell, on or before the third Wednesday of June, 1817 ; make a just and true account of his administration of the estate of the deceased on or before the third Wednesday of March, 1818, and pay the balance remaining in his hands, pursuant to the decree of the judge, &c.

By the will, which was proved March 17th, 1817, the testator gave to his two sisters, Abigail and Betsey, the use and improvement of all his real estate in Brentwood, during each of their lives ; also, the use and improvement of his personal estate during their lives. He then gave to his niece, Abigail Leavitt, one hundred dollars, in one year after the decease of himself and of his two sisters, Abigail and Betsey ; to his nephew, Thomas Kimball, his real estate in Brentwood, after the decease of his two sisters, and all the residue of his estate, and made him executor, authorizing him to cause payment of his just debts, and of the aforesaid legacies.

An inventory was duly returned, in which the real estate was appraised at $1500, and the personal estate, which consisted principally of stock and farming utensils, at $223·54.

On the 22d of June, 1839, Abigail Leavitt, and Samuel

Leavitt, her husband, made application to the judge of probate, setting forth that Thomas Kimball, who had removed out of the state, had never rendered any account of his administration of the said Wormell's estate, although he had been cited so to do—that they were interested in said estate—that the legacy of $100, bequeathed by said will to Abigail Leavitt, had never been paid, and praying that the bond of the said Thomas might be put in suit. The judge of probate subsequently ordered the bond to be put in suit, without ordering the petitioners to give any notice to the executor, or his sureties, to show cause why it should not be done. Abigail Wormell, the surviving sister, died December 29th, 1839.

Since the commencement of this action, viz., January 13th, 1841, Thomas Kimball, the executor, after giving due notice, settled his first administration account, in which the personal property is charged as having been delivered to Abigail and Betsey Wormell, pursuant to the provisions of the will, and on this settlement there was a balance of $6·76 due the executor from the estate.

*Bell & Tuck*, for the plaintiff. A question is made by the case, whether this suit is properly instituted. It was objected that there was no legal order for a suit, because there was no notice. But the order of the judge of probate is conclusive. Besides, the statute does not require notice. And as the defendant confesses a breach, he cannot take the objection that the judge ordered it sued without sufficient cause.

The non-payment of the legacy to Mrs. Leavitt is a breach of the condition of the bond. The defendant objects that the legacy is charged on the land, but this position cannot be maintained. It might as well be contended that the funeral expenses were so charged. There is no express charge. The legacy was to be paid when the executor should be in funds.

Judge of Probate *v.* Kimball.

Want of personal assets does not charge the real estate by implication.

Extrinsic evidence cannot be received to charge the land. The evidence to show a want of personal property cannot be received for this purpose. There must be express words, or a plain implication in the will itself. 10 *Wheat. R.* 204, *Wright* vs. *Wheaton.*

The legatee for life, of the personal property, had only the use. It does not appear how much there would be left.

*Cutts, & Tilton,* for the defendant. The defendant confessed a forfeiture, on the supposition that there was a technical breach, the executor not having settled an account within the time limited.

The sisters of the testator were entitled to the possession of all the personal property. 5 *N. H. Rep.* 326, *Weeks* vs. *Weeks.*

Authorizing the executor to pay the legacy, is equivalent to commanding and directing it. 1 *N. H. Rep.* 217, *Erickson* vs. *Willard.*

We contend that the intention of the testator was, that the legacy to Abigail Leavitt should be charged on the real estate. He could not have intended to have a sale of the real estate, for the purpose of payment of this legacy.

The real estate is to be charged by implication, if that intent is discoverable from the will itself. 2 *Atkyns' R.* 624, *Walker* vs. *Jackson.*

If the testator blends his real and personal estate in a general devise of the residue, a legacy is a charge upon the land. 6 *Binney's R.* 395, *Whitman* vs. *Norton ;* 2 *Binn. R.* 525, *Hassanclever* vs. *Tucker.*

If charged on the real estate, non-payment of the legacy is not a breach of the condition of the bond. 3 *N. H. Rep.* 288, *Gookin* vs. *True.*

Judge of Probate *v.* Kimball.

PARKER, C. J.    The statute of July 2, 1822, provides that any person interested in a bond given to the judge of probate, and aggrieved by a breach of the condition, shall, on application to the judge of probate, have an order for a suit upon it. 1 *N. H. Laws* 371.   But it does not require the judge to appoint a day of hearing, or cause a notice to be given to the obligors, before making such order.   In many cases this might defeat the end proposed, viz : that of procuring security upon the institution of the suit.   The matter rests in the discretion of the judge, whether or not to issue such notice before making an order, and this discretion is to be exercised according to the circumstances of the case.   An order for a suit upon the bond does not conclude the obligors from denying a breach, or prevent them from setting up any matter which may show why judgment should not be rendered against them.

The legacy in this case was not charged upon land, in the sense in which that phrase is used in the argument, and in the cases cited.   All legacies are so far charged upon lands, in this state, by statute, that, in default of personal estate, the executor, as in the case of debts, may obtain a license from the judge of probate to sell so much of the real estate as shall be sufficient for the payment.   1 *N. H. Laws* 365. The legacy to Mrs. Leavitt is to be paid by the executor.   If there is no objection to it, and the personal estate is insufficient, it will be the duty of the executor to procure a license for the sale of sufficient real estate, and to sell, and make payment.   Should he refuse so to do, the non-payment after assent, or a judgment against him, would be a breach of the condition of his bond.   But the will does not make this legacy a charge upon land, either expressly, or by implication. It was to be paid in one year after the decease of the two sisters of the testator.   They had only the use of his personal estate during their lives.   If, upon the decease of the survivor of them, there was sufficient of the personal estate remaining, that was the fund to be applied to its payment.

Judge of Probate *v.* Kimball.

If there was a deficiency, then real estate must be applied to that purpose. The legatee cannot proceed directly against the land, or against the devisee, which he may do where the legacy is charged upon the land. 10 *Wheat.* 226, *Wright* vs. *Denn;* 6 *N. H. Rep.* 120, *Pickering* vs. *Pickering;* 2 *N. H. Rep.* 439, *Piper* vs. *Piper;* 3 *N. H. Rep.* 289, *Gookin, Judge,* vs. *True; Veazey* vs. *Whitehouse,* (10 *N. H. Rep.* 409;) 2 *Pick. R.* 619, *Baker* vs. *Dodge;* 1 *Paige's Ch. R.* 32, *Birdsall* vs. *Hewlett.* Her remedy is upon the estate generally, through the administration of the executor; and when he fails in the duty of making payment, she has a remedy upon the bond, in the same manner as creditors or heirs aggrieved by mal-administration.

But it does not appear that he has yet failed of his duty, so that a judgment can now be rendered, in her behalf, that she have execution for the amount of the legacy. It does not appear that she has established her right to it by a judgment against the executor, or that he has ever assented to it, or even that there has been any demand upon him for the payment of it. It has been in no way liquidated.

If it had appeared that the executor had assented to the legacy, then it would have been his duty to have paid within the year, or on demand after the expiration of it. If he contested the right of the legatee—upon a demand, after the expiration of the year, a suit might have been commenced, and upon the rendition of a judgment, establishing the right, it would have been his duty to make payment, and a neglect would have constituted a breach of the condition. But without assent, or judgment, or demand, there is no breach of the condition in that respect. 5 *N. H. Rep.* 68, *Judge of Probate* vs. *Briggs; Ditto* 69, *Rogers* vs. *Wendell cited;* 6 *N. H. Rep.* 141, *Judge of Probate* vs. *Emery; Ditto* 396, *Judge, &c.,* vs. *Locke; Ditto* 422; 1 *Williams' Saund.* 278, *note* 5.