## THOMPSON *v.* FELLOWS.

It is not necessary that a surveyor's warrant for collecting highway taxes should be under seal.

If in the plea such warrant is set forth as under hand *and seal*, &c., it is not a departure if the rejoinder state it as being under their hands, omitting *and seals*.

A variance from the same party's former pleading, in relation to an immaterial matter, is not a departure.

The tender of an issue on an immaterial matter is cause of demurrer.

Tender of an issue upon the making of a warrant on a particular day, the day not being material, is bad, as a negative pregnant.

Surveyors' districts are not required to be so limited as to include the whole territory of the town. It is sufficient if they include a definite part of the highways. It is not necessary that they should include the residences of all the persons named in their lists of taxes.

Towns may legally vote to raise a part of their highway taxes to be expended in summer, and a part in winter.

TRESPASS. The declaration was as follows:

"To answer to J. C. S. &c., in a plea of trespass, for that

said F. at A. &c., on the 20th day of December, 1847, with force and arms took and carried away the plaintiff's two red cows, of the value of sixty dollars, and converted the same to his own use," &c.

A second count, in the same form, alleged the taking on the 25th of December, 1847, and a third count, in the same form, alleged the taking on the 20th, and the conversion on the 25th of December.

The defendant pleaded:

1. Not guilty; on which issue was joined.

2. Not guilty as to the force, &c.; and as to the residue of the supposed trespass, *actio non,* because he says " that E. K., B. S., and R. E., were duly chosen selectmen and assessors of taxes for the said town of A., at the annual town meeting holden in said A. in March, 1847, and accepted said office, and acted therein for and during the year then next ensuing; and, being such selectmen and assessors, thereafterwards on the 13th of April, in the same year, among other taxes, duly assessed against and upon the said T., then and continually hitherto a resident in said town, a highway tax of twenty-one dollars and forty-one cents, to be paid and collected in labor. And at the same annual meeting the said Fellows was chosen and duly appointed one of the surveyors of highways for said town, and accepted the said office, and acted in the same during the same year. And on the same 13th day of April, the said selectmen prescribed and fixed the limits of the district of the said F. as follows, to wit: beginning at the turnpike-road near K.'s corner, and following the B. road, so called, to M.'s corner; and on the same 13th day of April, the said selectmen made their warrant of that date, under their hands and seals in due form of law, directed to the said F., whereby the said F. was required to collect and apply the taxes set down and contained in the list annexed to, and contained in, said warrant according to law and the said assessment; and in the said list was contained the tax so assessed as aforesaid against the said T., and the names of the several persons in the said district with the highway tax assessed to each; and in the said list and warrant the sum of $16.06, parcel of the said sum of $21.41,

was marked "summer," and the sum of $5.35, the residue thereof, was marked "winter," whereby the said F., was directed to collect and apply the said sum of $16.06, in the summer, and the said sum of $5.35 in the winter season. And on the 25th day of September, A. D. 1847, the said Fellows being surveyor as aforesaid, gave personal notice to said T., at said A., of the amount of the said tax, then wholly unsatisfied, and notice to attend and work out so much of the same as was marked summer tax, on the 30th day of the same September, at the A. hill, near said F.'s house, in the highway within said district, with hoes, bars, shovels, and one or two pairs of oxen, as the said T. might choose, not exceeding five, which said labor of oxen did not and would not exceed one half of the said tax; yet the said T. wholly neglected and refused to work out, or in any manner to pay or satisfy his said tax, or any part thereof, and has rendered no excuse for his said neglect, and though afterwards specially requested, at said A., the said T. refused to work out or in any way pay or satisfy the said tax, or any part thereof. On the 8th day of October, in the same year, and afterwards on the 20th day of December, at said Andover, the said F., being surveyor of highways as aforesaid, under and by virtue of the said warrant, took and distrained two red cows of the plaintiff, and then and there gave the said T. notice thereof, and kept the said cows four days at said A., to wit: till the 24th day of the same December, and the said tax and the costs and charges not being then paid, the said F. on the said 24th day of December, at ten o'clock in the forenoon, posted up at the inn of S. M., and at the store of P. & S., two public places in said A., a notice in writing, that the said cows, being taken by distraint, would be sold at public auction on Saturday, the 25th day of the same December, at 5 o'clock in the afternoon, at said M.'s said inn in said A.; and on the said 25th day of the same December, at 5 o'clock in the afternoon, at said M.'s said inn, the said F. sold at public auction one of the said cows to S. P., being the highest bidder therefor, for $15, and the other cow to G. T., being the highest bidder therefor, for $14, and applied $16.06, parcel thereof, to pay and satisfy the said

part of said tax marked "summer," and $4.08 for costs and expenses of distress and sale, and the keeping of the said cows, and immediately thereafterwards on the same day, was ready to deliver, and did deliver to the said T. a particular account in writing of the said tax, the said F.'s fees, the charges of the said keeping and sale, the amount of the sale of each of said cows, and the overplus of the said sale, being $8.86; and has kept in hand, and has been at all times since said sale, and still is, ready to pay the said overplus to said T.; and on the same day offered and tendered the same to said T., who then refused to take the same; and made due return of his doings on the said warrant, which is the same residue, &c., and this, &c. Wherefore, &c. By his attorney, J. Perley."

The plaintiff, under the statute of 1847, filed five replications, as follows:

1. "And the said T. says, that notwithstanding any thing by said F. in pleading alleged, as to the residue of the trespasses aforesaid, *precludi non*, because, protesting that said E. K., B. S., and R. E., were not selectmen and assessors of taxes for said town of A., as in said plea alleged, legally chosen and qualified, and that said F. was not one of the surveyors of highways for said town, as in said plea alleged, legally chosen and qualified; he says, that said E. K., B. S., and R. E., did not, on the said 13th day of April, A. D. 1847, as in said plea alleged, make their warrant of that date under their hands and seals, in due form, directed to said F., requiring him to collect and apply the taxes set down and contained in the list annexed to and contained in said warrant, according to law and said assessment, and this, &c., wherefore, &c. By his attorneys, Peirce & Fowler."

To this replication the defendant rejoined, "And the said F., as to the first replication of said T., says *actio non*, because he says that the said E. K., B. S., and R. E., did, on said 13th day of April, A. D. 1847, as in the said defendant's plea alleged, make their warrant of that date under their hands in due form of law, directed to said F., requiring him to collect and apply the taxes set down and contained in the list, annexed to and contained in said warrant, according to the law and said assess-

mént, and of this he puts himself on the country." To this rejoinder there was a general demurrer.

Upon the second replication an issue was joined. The other replications were as follows:

3. "And, for a third replication in this behalf, by leave of the court, the said T. says, *precludi non*, because he says, that the said E. K., B. S., and R. E. did not, at said A., on the said 13th day of April, 1847, among other taxes, duly assess against and upon the said T. a highway tax of $21.41, to be paid and collected in labor, as in said plea alleged, and this, &c., wherefore, &c."

4. *As before*, "Because he says, that he, the said T., on the said 13th day of April, 1847, did not reside, and was not in the district in said A., which the said E. K., B. S., and R. E. undertook to limit, and did limit as the highway district of said F.; nor did he so reside nor was he in said district on the 1st day of April, nor at any time between said 1st day of April, and the 2d day of May, in said year, and this, &c., wherefore, &c."

5. *As before*, "Because he says, that said F. did not take and distrain said two red cows under, and by virtue of, any warrant under the hands and seals of said E. K., B. S., and R. E. as in said plea alleged, and this, &c., wherefore, &c." To these replications there was a general demurrer.

*Fowler*, for the plaintiff.

*H. A. Bellows*, for the defendant.

BELL, J.* The questions raised upon the first replication, are whether a warrant to a surveyor of highways must be under seal, and whether the rejoinder is defective in omitting the allegation contained in the plea, that the warrant was under seal.

The first of these questions must be considered definitely settled by the decision in *Davis* v. *Clements*, 2 N. H. Rep. 390,

* Perley, J., having been of counsel, did not sit.

which is precisely in point, and upon the former statute in the very words of the Rev. Stat. ch. 55, § 4, excepting that the latter require the selectmen to give to the surveyor, with the list of the persons in his district, *a warrant to collect the same.* It is urged upon us, that a warrant, *ex vi termini,* must be under seal; but it was holden in *Davis v. Clements,* and we think correctly, " that a seal is not essential to the validity of a warrant, unless made so by statute."

It is said, that it is a departure not to maintain in the rejoinder the allegation made in the plea, where the warrant is set forth as being under seal. While on the other side, it is contended, that this omission is not a departure because the averment is immaterial, and might be struck out of the plea as surplusage. The rule is laid down by Chitty, (1 Ch. Pl. 632,) thus: " If the plaintiff vary in his replication from his count, or the defendant in his rejoinder from his plea, in time, place, or other matter, when immaterial it is not a departure." If it was not material whether the warrant was under seal or not, it is not a departure to omit that allegation in the rejoinder. The decision to which we have referred, shows that a warrant is as valid and effectual without a seal as with one. If an issue had been taken upon the point, whether the warrant was sealed, it would be an immaterial issue, on which judgment must be arrested, a repleader awarded, (1 Ch. Pl. 620, 632,) or a judgment rendered notwithstanding the verdict. *Judge of Probate v. Briggs,* 5 N. H. Rep. 66.

The third replication is open to the objection raised by the defendant, as indeed the first replication would have been, if objected to for that cause, that it offers an immaterial issue, and that by denying that a warrant was issued on a particular day, it tacitly admits, that one was issued on some other day. Either of these defects is good cause of demurrer. 1 Ch. Pl. 631; Com. Dig. Pleader, R. 5, R. 8.

The fourth replication raises the question, whether the statute requires the surveyor's districts to be so limited, as to include all, whose taxes are inserted in his list; and whether any person can be included in a surveyor's list of taxes, whose residence is

not within the limits within which the surveyor has charge of the highways. The fourth section of ch. 55 of the Revised Statutes, is nearly a verbal copy, except as to the last clause, of the statute of July 3d, 1829. It provides that the selectmen, " on or before the 1st day of May, shall limit the several surveyors' districts, and give to each a list of the several persons in his district with the highway tax assessed to each, and a warrant to collect the same." Whatever might have been our impression as to the true construction of this section, if the question had been entirely new, we suppose a practical construction to have been given to it, which it would be mischievous now to disturb. It has always been understood, so far as we know, or have heard, that the selectmen were to limit the portions of road which were committed to the several surveyors to keep in repair, and the persons whose highway taxes they were required to collect for that purpose, and that it has never been understood that the whole territory of a town is to be divided. Neither, so far as we are aware, has it ever been supposed that a person must reside within any particular space, to justify his name being put in the list of a particular surveyor. But necessity in many cases, and the convenience of all parties, sometimes requires, that the names of persons should be placed in the lists of surveyors, whose portions of the road are at a distance, and we understand this to be done in nearly every town in the State. All the roads must be kept in repair, and often many miles in succession are without inhabitants. Some of the people must leave the vicinity of their homes, to go there to repair them. Nor do we perceive any hardship in a person being required to perform his highway labor at any point, or in any district, where the selectmen think it is most required. And we conceive the provision made in the seventeenth section, that the surveyor shall allow the persons in his district for their time in going and returning from their work, was designed to equalize the burden, and to remove all ground of complaint that might otherwise exist. We do not overlook the force of the argument based on the words of this section, " *resident in his district*," but we think this argument must yield to what has long been the practical construction of this act, and

this clause must be understood, as if it were "embraced in his district," or "enumerated in his list."

The fifth replication alleges, that the defendant did not distrain the cows in question, under or by virtue of any warrant under the hands and seals of said selectmen. If the purpose of this replication was to raise an issue upon the point, whether the warrant was under seal, it was an immaterial matter, and it was proper for the defendant by his demurrer to inquire, whether that circumstance was of any importance, and we have already stated our impression that it was immaterial. The intent, or *virtute cujus* or *by virtue of the said warrant*, ought not to be put in issue. 1 Ch. Pl. 587 ; Com. Dig. Pleader, 7. So that, if that was designed to be the point raised, the replication is bad for that cause. It is suggested in the plaintiff's argument, that it was intended by the third replication to raise the question, whether the selectmen can legally divide the tax into summer and winter tax, and direct the surveyor to call for the labor assigned to each at those seasons only. As this is a question of much practical importance to all our towns, we do not hesitate to express our opinions upon this question. If the town vote to raise a certain amount of tax to be expended upon the highways in general terms, we do not find any authority vested in the selectmen, to direct the time or season when the same is to be expended, with the single exception, under the eleventh section, of the labor being required upon an emergency out of the district, or under the sixteenth, not being required in the district. The law imposes upon the surveyor the responsibility for the due repair of the roads in his district, and gives him the discretion to prescribe the times and places at which labor is to be done. Any direction which the selectmen may give in their warrant on this subject being unauthorized, would be regarded as mere surplusage, and in the nature of recommendation merely, unless the warrant should be so drawn, that if this part be struck out, there would be nothing left, in which case the warrant must be void.

Towns are authorized to raise such sums of money as they may judge necessary, for making and repairing the highways and bridges therein for that year. Rev. Stat. ch. 55, § 1. And

we think it clear, that towns may raise such sums, to be expended at such times as they may judge necessary; and if a sum is so voted to be raised and expended in the summer, the selectmen may issue their warrant to the surveyor to raise such sum according to the vote. So if the town vote to raise a certain amount of tax to be expended in repairing the roads in winter, the selectmen will have the right to issue their warrant to the collector for that purpose, and direct him to collect or call for the labor after the first day of December, for instance, and the warrant will be a legal warrant, and will give to the surveyor authority to call for the tax after the time limited in the warrant, and not earlier. It is hardly necessary to add, that what may lawfully be done by two warrants, may be equally well and lawfully done by one warrant properly drawn for that purpose.

*The demurrer to the first rejoinder overruled; those to the 3d, 4th, and 5th replications, sustained.*