## ROCKINGHAM, SEPTEMBER TERM, 1825.

### DANIEL GOOKIN, *Judge of Probate, vs.* A. TRUE.

The non-payment of a legacy charged upon land is no breach of the condition of a probate bond.

DEBT upon a probate bond, given by the defendant upon his taking upon himself the burthen of executing the will of *Samuel Davis,* deceased.

The cause was submitted to the decision of the court upon the following facts :

*Samuel Davis*, having made his will, and therein appointed the defendant his executor, died on the 3d January, 1808. The will was duly proved and allowed on the 20th January, 1808 ; and the defendant took upon himself the burthen of executing it. The testator, after devising all his real estate, with certain exceptions, to his grandson *Samuel Davis*, inserted in his will the following clauses :

" I further say, that my grandson *Samuel Davis*, or my ex-" ecutor, pay or cause to be paid to my son *Samuel Davis's* two " daughters, *Sarah Bickford* and *Hannah Davis*, fifty dollars " each, in six months after the decease of their parents."

" I further say, that my executor shall sell so much of my " personal estate as shall pay my debts and incidental char-" ges, and if there shall be any more, it shall be the property " of my daughter-in-law *Abigail Davis*."

The whole amount of the personal estate, which came to the hands of the defendant, was $95 26, for the whole of which he has accounted in the probate court ; and there is nothing in his hands. The legacies to *S. Bickford* and *Hannah Davis* have never been paid ; although they became payable by the decease of their parents on the 10th Jan 1820.

The testator's grandson, *Samuel Davis*, entered and took possession of all the real estate devised to him as aforesaid.

And it was agreed, that if the court should be of opinion, that this action could be maintained against the defendant to recover the legacies given to *S. Bickford* and *Hannah Davis*, as aforesaid, the defendant should be defaulted ; but, if the court should be of a different opinion, then the plaintiff to become nonsuit.

*Sullivan*, for the plaintiff.

*Tilton*, for the defendant.

*By the court.*—Upon a view of all the provisions in the will of *Samuel Davis*, it does not seem to us to admit of a question, that it was the intention of the testator to make the legacies given to his grand-daughters, *Sarah Bickford* and *Hannah Davis*, a charge upon the real estate devised to his grandson *Samuel Davis*. *Prec. Ch.* 288, *Jones vs Jay.* As *Samuel Davis* has entered into the land devised to him, he has become liable to pay these legacies ; and they cannot be

considered as a charge upon the estate generally, which the executor is bound to pay. The devisee, who has entered into the land and now holds it under the will, is the debtor in fact, and not the estate of the testator. 2 *N. H. Rep.* 439, *Piper vs. Piper.* We are therefore of opinion, that the non-payment of the legacies, thus charged upon the land, cannot be a breach of the condition of the bond, on which this action is founded, and that the plaintiff must be

*Nonsuit.*