## Veazey & a. *vs.* Whitehouse.

Where a testator devised the lands of which he died seized, to his son, reserving certain portions of the buildings to his daughters; and provided that the son, his heirs and assigns, should support for the daughters one cow, winter and summer ; and should keep on the farm one sheep for each of the daughters, so long as they remained unmarried—*Held*, that this devise was appurtenant to the land, and bound the assignee to make such provision in behalf of the daughters as a charge on the estate devised.

ASSUMPSIT, to recover the expense of keeping one cow and two sheep, for the plaintiffs, for three years, charged at eighty dollars; which the defendant promised to do, but had neglected and refused to comply with such promise. Plea, the general issue.

It appeared on the trial of this case, that on the 11th of December, 1826, one Thomas Veazey, the father of the plaintiffs, made his last will and testament, which contained the following devise of property, viz. : " I give to my son, Levi Veazey, all the land that I now own in said Tuftonborough and in Ossipee, after my decease, with his paying to his three brothers one dollar each. And I also give to my son Levi all the farming tools I now own, and all the stock on the farm, with the buildings, excepting a certain part of the buildings, which I give and bequeath to my two daughters, Elizabeth Veazey and Hannah Veazey, viz. : the easterly lower room in my dwelling-house, and the north-west corner bed room, with a privilege of going to said bed room through the house ; with a part of the cellar, and a part of the chambers, viz. : all the chamber over the east room. And the said Levi and his heirs and assigns, are to support, for Elizabeth and Hannah Veazey, one cow, winter and summer, as long as they remain single, or either of them ; and the said Elizabeth and Hannah are to have the one sixth part of the profit of the orchard, as long as they remain single ; and if either of them marries, the other is to have the one twelfth part of said orchard, and the said Elizabeth and Hannah are

to have each of them one sheep kept on said farm as long as they live single."

Thomas Veazey deceased, and on the 15th of October, 1829, his will was duly proved and allowed. Afterwards, and before the commencement of this action, Levi Veazey conveyed in fee to the defendant, his heirs and assigns, the real estate devised to Levi by the will. It appeared that the defendant, at the time of said conveyance, knew the provisions of the will, except he did not know it contained the words, " and assigns."

It was contended by the defendant's counsel that the keeping of the cow and sheep was not a charge upon the real estate devised, and that the defendant was not liable for the same.

The said Levi gave bond in due form, as executor of the will, with a condition, among other things, to pay the bequests and legacies ; and it was agreed by the parties, if the court should be of opinion the keeping of the cow and sheep was made by the will a charge upon the real estate devised to the said Levi, and that this action could be sustained against the defendant, judgment was to be rendered for the plaintiffs for thirty dollars, damages and costs ; otherwise, for the defendant for his costs.

*N. Eastman*, for the plaintiffs.

*L. D. Sawyer*, for the defendant.

UPHAM, J. The will which is submitted in this case for our construction is very untechnically drawn. We think, however, there is no difficulty in determining the manifest intention of the testator.

It is quite clear that he designed bequeathing the larger portion of his property to his son and executor, Levi Veazey. He gives to him all the land of which it appears he died seized, with his farming tools, stock upon the farm, and the

buildings on the farm, excepting certain portions of the buildings, which he reserved for the use of his daughters, the present plaintiffs. The will farther proceeds : " And the said Levi, his heirs and assigns, are to support for said daughters one cow, winter and summer, and they are to have one sixth part of the profit of the orchard, and to have each of them one sheep kept on said farm so long as they, or either of them, shall remain unmarried."

The question arising on this clause of the will is, whether it is an independent provision, made for the daughters as a mere legacy, for which the executor would be liable solely on his bond, or whether the devise is conditional—connected with and appurtenant to the land.

It is clear that the father designed to provide a home for the daughters upon the farm so long as they remained unmarried ; and the provision made for them in other respects would of course be expected to be rendered to them there ; and this is expressly provided, so far as regards the keeping of the sheep.

Without any thing farther to show the intention of the testator, the presumption would be strong that he designed this provision should be connected with and reserved out of the land devised to the son, and that the provision to each of the devisees should thus be made alike permanent and certain. But there is this addition to the devise, which would seem to prevent any other construction, which is, that the son, " his heirs and assigns," are holden for the fulfilment of this clause in the will. This, in our view, renders it certain that the devise was designed to be connected with and appurtenant to the estate.

On this subject it is holden, that a covenant to run with the land, and bind the assignee, must respect the thing granted or demised ; and the act covenanted to be done, or omitted, must concern the lands or estate conveyed ; and it is said the act in respect to which the covenant is made need not be done on the premises demised. It is sufficient if it be

touching or concerning the thing demised, as affecting the value of the reversion, or of the term, or influencing the rent. 17 *Wend.* 136, *Norman* vs. *Wells.*

The provision which is here made for the benefit of the daughters, is clearly of such a nature as may be appurtenant to the land ; and the terms used by the testator in making the devise require that we should give it such a construction. The assignee, therefore, of the land, is holden for the expense claimed by the plaintiffs, as a charge on the estate devised, and judgment will be rendered in the plaintiffs' favor for the amount of such expense as is agreed upon in the case.

*Judgment for the plaintiffs.*