## LEAVITT, Appellant, *vs.* WOOSTER, Ex'x.

When land is charged with the payment of a legacy, it remains subject to the charge into whatever hands it may come, until the legacy is paid.

The assignee of land, charged by will with the payment of a legacy, has an interest authorizing him to appeal from a decree of the court of probate, allowing the account of the executrix.

Leavitt *v.* Wooster.

A charge of the support of the testator's daughter upon his estate, is a legacy to the daughter.

A testator devised to his wife all his real and personal estate, during her life, provided she should see that his daughter had a decent support; but if his wife should die during the life of his daughter, then the estate was to be considered as belonging to his son, he providing a decent maintenance for the daughter, and at her death the whole estate was to belong to his son.—*Held,* that the support of the daughter was a legacy charged upon all the real and personal estate of the testator.

When both real and personal estate are charged with a legacy, the personal estate is first to be exhausted, before the real estate is applied in payment of the legacy.

A devise of all the testator's *estate,* will vest a fee simple in land in the devisee.

A testator devised all his estate to his wife for her life, charging thereon the support of his daughter, and after the death of his wife, he devised the estate to his son, subject to the same charge, and upon the death of his daughter, then to his son in fee, and made his wife executrix of his will.—*Held,* that she was not chargeable with the personal estate as executrix, and that the sureties in her administration bond were not liable for its application.

APPEAL, from a decree of the judge of probate, for this county, allowing the account of Lydia Wooster, executrix of the will of David Wooster.

The amount was as follows:

| The ESTATE, . . . . DR. | | The ESTATE, . . . . CR. | |
|---|---|---|---|
| To funeral charges, | $8.25 | By amount of inventory | |
| Charges of last sickness, | 76.59 | of personal estate, | $961.41 |
| Sundry debts, | 48.60 | | |
| Sundry legacies, | 42.80 | | |
| Expenses of admin., | 66.00 | | |
| Note, wrongly inventoried, | 9,58 | | |
| Expenses of taking care of Sally Wooster, | 702.50 | | |
| One day, settling acct., | 2.00 | | |
| Personal property delivered Sally's guardian, | 30.00 | Balance due executrix, | 24.91 |
| | $986.33 | | $986.32 |

The appellee moved the court to dismiss the appeal, and the

case was then committed to Jona. Kittredge, Esq., a counsellor of this court, to act therein as an auditor, and to state first, the facts relating to the interest of the appellant, on which the motion to dismiss the appeal was founded, and secondly, to state the account of the appellee, in her capacity as executrix, as aforesaid. The following facts appeared from the report of the auditor.

On the 19th day of March, 1825, the testator made his will, and gave and bequeathed to his wife, the appellee, all his estate, real and personal, of every description, during her natural life, provided she should see that his daughter, Sally Wooster, had a decent support, and should pay certain legacies in the said will mentioned ; but if his wife should die during the life of his daughter Sally, then the said estate was to be considered as belonging to his son, Eleazer Wooster, he providing a decent maintenance for the said Sally, and at her death the whole estate was to belong to Eleazer.

The testator having died, the will was proved on the 5th day of July, 1825, and Lydia Wooster, the widow and appellee, who was made sole executrix thereof, took upon herself the trust, and gave an administration bond, in the common form. The personal property was valued, in the inventory, at the sum of $961.41, and the real estate was valued at the sum of $800.00.

On the 23d day of October, 1835, Eleazer Wooster conveyed the farm to Ephraim K. West, in fee and in mortgage, to secure the payment of $800.00 and the interest, in one year.

On the 26th day of December, 1835, the executrix conveyed all her interest in the farm to Eleazer Wooster, by a quitclaim deed, in common form. On the 18th day of November, 1835, West assigned the mortgage to Cyril Coburn, and on the 5th day of December following, Coburn assigned it to Leavitt Clarke. In the spring of 1837, Clarke took possession of the farm, under the mortgage, and foreclosed the equity of redemption of Eleazer Wooster ; and on the

27th day of November, 1839, conveyed the farm by deed to the appellant.

Lydia Wooster supported the said Sally until the year 1836. For the three years following, she was supported at the expense of Leavitt Clarke, and during the fourth year, she was supported at the expense of the appellant.   She is still living, and since that time has been supported by the town of Campton.

The auditor stated the account of the executrix with the estate, as follows :

Dr. Lydia Wooster, Ex'x.                                    Cr.

| Personal estate of the testator, as per inventory, | $961.41 | By funeral charges, | $8.25 |
|---|---|---|---|
| | | Expenses of last sickness, | 76.59 |
| | | Sundry debts, | 48.60 |
| | | Sundry legacies, | 42.80 |
| | | Expenses of admin., | 68.00 |
| | | Note of S. Smith, wrongly inventoried, | 9.59 |
| | | Balance due estate, | 707.59 |
| | | | $961.41 |

The auditor reported that he did not charge the executrix with interest on the personal property, nor with the rents and profits of the farm, because by the terms of the will she was to have all the property during her life for the support of the said Sally, nor did he allow her anything farther for Sally's support.   He reported the above balance as due the estate, if the court should be of opinion that the bequest of the personal property was not, by the terms of the will, an absolute gift thereof to the executrix, and that she was accountable for the same in her capacity of executrix.   But if the court should be of opinion, that by the terms of the will the bequest of the personal property was an absolute gift to the executrix, or that she was not accountable for it to the estate in her capacity of executrix, then the auditor found no balance either way.

*Quincy,* for the appellant. The appellee has moved that the appeal be dismissed, for want of interest in the appellant. The decision of this point depends entirely on the construction of the will. If the real estate is not chargeable with the support of Sally, in the hands of the appellant, then we admit that he has no interest. If it is thus chargeable, then he has an interest, because the personal estate should then be applied to the support of Sally. The question is, whether her support be chargeable on the real estate in the hands of the appellant, and any person aggrieved by any decree of the judge of probate, may appeal therefrom. 6 *N. H. Rep.* 116.

This was not a legacy to Sally, in express terms, but if it is a direction to support her, or a devise to the executrix, on condition that she supports her, then it is a legacy. *Farwell* vs. *Jacobs,* 4 *Mass.* 634; *Baker* vs. *Dodge,* 2 *Pick.* 619; *Richards* vs. *Merrill,* 13 *Pick.* 408; 15 *Pick.* 528. These cases show that it is a legacy to Sally.

All the estate, real and personal, is given to the executrix, and she gave a bond. If Sally is a legatee, her remedy may be by action, or perhaps she may enter as heir at law. The personal estate is not given absolutely to the executrix. She has only an estate in it for her life, with a limitation over. 5 *N. H. Rep.* 326; 3 *N. H. Rep.* 147; 8 *Ibid* 444.

There is nothing which shows that the personal estate should be exonerated from her support. Suppose it is a charge on the whole estate; then the personal property must first be applied to discharge the estate. A charge on the realty does not free the personalty. 3 *Johns. Ch.* 312; 3 *Cowen* 133. The personal estate must first be exhausted; and in this case there is a balance of $700.00 in the hands of the executrix, which she should apply to the support of Sally.

The will is silent on the subject of the testator's debts. There is no greater, but the same burthen upon Eleazer as upon the widow. We have the title both of the widow and of Eleazer. If all the estate were chargeable with the sup-

port of Sally, then we should hold it free of all charge. The executrix and Eleazer have received the value of the land, and it has thus been exhausted. Sally cannot enter as heir. Her remedy is only upon the bond of the executrix, who is a trustee for Sally's support. If a trust is created for specific or scheduled debts, the purchaser must see to the application of the purchase money, but the law is otherwise, if the trust be for the payment of debts generally. The will is to be construed, as if the executrix had been directed to pay the debts, and this legacy. A *bona fide* purchaser of land, charged by a testator with the payment of his debts and legacies generally, is not bound to see to the application of the purchase money. *Andrews* vs. *Sparhawk*, 13 *Pick.* 393. If we are right in this position, the real estate is discharged. The decree of the court of probate from which the appeal was taken, finds no balance in the hands of the executrix, or only the small sum of $24.91.

*W. C. Thompson*, who appeared for the sureties in the probate bond, contended that the executrix was not bound to render any account, and that any informal proceedings on her part would affect neither her nor her sureties. We agree, he said, with the counsel for the appellant, as to the main questions, but they do not affect us. The only fact showing an interest in the appellant, is, that he owns the estate. For the purpose of settling the question of interest, we admit that he owns the estate ; and if he owns it unincumbered by any charge for the support of Sally, what business has he here ? This settles that he has no interest in the account. Charge her what you please, still he owns the estate free from any charge. As, then, we agree that he owns the estate unincumbered, what question has the court to consider?

But does it appear that the appellant owns the estate ? He has the title of the executrix and of Eleazer. What title had they ? It is not clear that by the terms of the will they

have any title.   They are devisees in trust, upon a condition precedent which has not been fulfilled by her, and thus neither has any interest.   Suppose the real estate is chargeable, and that the appellant has some interest in the title, though incumbered, what interest has he in the appeal or in the administration account?   It makes no difference to him whether the amount is larger or smaller.   He has not to pay, nor to receive.   The court cannot direct the application of the balance.   If there is a balance, it must be decreed to be paid to the heirs, if this be the proper mode of settling it.   If there is a trust, the balance is to be considered only as a legacy in the hands of the executrix.   How can it be reached by those entitled to it?   Not, certainly, through the administration account.   It can be called out of her hands only as an executrix.   She being a devisee in trust, the bond should have been conditioned for the faithful performance of the trust. If she holds the money as a trustee, and not as an executrix, her sureties are not chargeable.   As soon as she accepts the trust, the property vests in her as a trustee, and the most important question is, in what capacity does she hold the funds, as executrix or as trustee?   This is the equitable view of the case, and the sureties are not to see to the fulfillment of the trust.   *Wyman* vs. *Hubbard*, 13 *Mass.* 232.

*Wilcox,* for the appellee.   The appeal is taken, in this case, from the decree of the judge of probate, passed upon the settlement of the appellee's account as executrix.

In that account she charges herself only with the *personal* estate.   There is no attempt to bring the real estate, or its proceeds, into the account at all.   The appellee makes no claim upon the real estate, and she remits any balance that may have been found due her by the judge of probate.   The only question that can be made, arises in relation to the balance of the personal estate, after payment of debts and legacies, and expenses of administration, and funeral charges, of about $700.00, which she claims to retain on account of

the support of Sally Wooster; and we say first, that she is not chargeable with it at all; or, secondly, that she is not chargeable for it as executrix.

Now, it is submitted, that although the support of Sally is a charge upon the lands, yet the *appellant* has no interest in the account, so long as there is no claim by the executrix to sell the land for any balance found due her on settlement; and if her charge for the support of Sally be allowed, with the rest of the account, as found by the auditor, there is no balance due her. She claims the *balance* of the personal property, after paying all debts, legacies and expenses, and at all events, she says that *balance*, whatever it is, is in her hands as *legatee*, and discharges her account as executrix, so far as relates to the personal property, whether she holds it absolutely, or only for life.

Suppose there is a balance of personal property in her hands, after payment of debts, legacies and expenses,—it does not belong to the *appellant*. He cannot claim it of her. It is devised and bequeathed to the executrix, and then to Eleazer Wooster. If she is entitled to hold it, then the appellant has no interest in it. If she is not entitled to retain it, then it belongs to Eleazer Wooster, but he has not attempted to convey his right in the personal property to any one, so far as appears.

Supposing that when the executrix neglected, in 1836, to provide for Sally, and conveyed all her right in the farm to Eleazer, that he also became entitled, under the will, to the personal property. He held that as legatee, and the real estate as devisee, both with the annexed condition, that he should support Sally. Now all debts, legacies and charges being paid, Eleazer would hold the residue, real and personal, subject to this charge, in his own right. He *is*, he *can* be under no obligation whatever, to apply the *personal* property first, in support of Sally, in discharge of the real estate. *Why* should he be so bound, and to *whom* is he obligated? Being the absolute owner of both, subject only to this charge,

why should he not apply which fund he will to this purpose, or support her entirely from some other fund, at his will and pleasure ? He was not bound to support her at any particular place, and at least, with her assent, might contract with any other person to provide for her.

Under these circumstances he conveys the farm, having obtained the quitclaim of the appellee.

The title passed, subject to the charge ; of course the purchasers took under the agreement, that they were to perform the condition. We have a right so to infer. Nothing appears to the contrary.

And it does appear, that while the appellee had possession of the farm, she afforded the support, and when Leavitt Clarke took possession under the title obtained from Eleazer, he performed the condition for three years, the appellee for one. But recently this new claim is set up, and an attempt made to throw the support of Sally upon, in fact, the bondsmen of the executrix.

But even if there was no stipulation on the conveyance of the real estate, for the support of Sally, what right has the appellant to call on the appellee for the *personal property* ? That has never been sold or conveyed to him.

If he has a mere quitclaim from Eleazer, then he has all that was contracted for, Eleazer's title to the real estate ; if Eleazer practised a fraud, selling the land as unincumbered, and concealing the incumbrance, then the purchaser has his remedy for the fraud ; if he gave a warranty against all incumbrances, then there is a remedy on the contract. But surely he has not the least *scintilla* of title to the *personal property*, or any right to call on the executrix for it.

Again : supposing Lydia's title to both personal and real estate is for life only, she performing the condition, with remainder after her death to Eleazer, he supporting Sally, if she survives Lydia. By the terms of the will, then, Eleazer took nothing till the death of Lydia.

She accepted the estate. She paid off the debt and lega-

cies, and expenses of administration.   She held the residue, until 1836, ten years after the probate of the will, and performed the condition by supporting Sally.

She conveyed the real estate, which she could only do as devisee.   There was a full acceptance of the estate devised to her, and she of course became chargeable with the performance of the condition.   She was not a *trustee*.   The estate was not conveyed to her in trust, for the support of Lydia.   If Sally had died the next day, or her support had been merely nominal, the appellee would nevertheless be entitled to enjoy the estate, and all its income.

If she fail to perform the condition, who shall be entitled to maintain a suit to enforce the performance? and how shall the remedy be sought?

Clearly an action will not lie against her as *executrix*.   For as executrix, she is not bound to support the daughter Sally; she does not hold the property as executrix, but as devisee.

The union of the two characters of executrix and legatee, in one and the same person, makes no difference.   His assent is as necessary to a legacy vesting in him in the capacity of legatee, as to a legacy vesting in any other person, and that on the same principle.

Till he has examined the state of the assets, he is incompetent to decide whether they will admit of his taking the thing bequeathed as a legacy, or whether it must not, of necessity, be applied in satisfaction of debts.   His assent to his own legacy, as well as his assent to that of another legatee, may be *express*, or *implied*; and his election to take it as a bequest, may be implied from his language or conduct; if he takes the profit of the land to his own use, if he repair the tenement demised, at his own expense, all these acts indicate an assent to the bequest.   In like manner, if he perform a condition or trust annexed to the demise, as if a term is demised on condition that he pay A. £10, which he pays accordingly, this payment amounts to an election, on

his part, to take the lease as a legacy; and it is, in law, an execution of the legacy forever, for he who performs a charge of a thing, claims the benefit which is annexed to it.

So if a devise is in order that the executor may educate his son out of the profits, if he educate him accordingly, this constitutes an assent to take the lease, by way of legacy, and not as executor. An assent to take part as a residuary legatee, is an assent, also, to take the whole residue in the same character. *Toller's Law of Executors* 344, 345.

Whatever may be said as to the support of Sally, it would seem to be clear, that the executrix, in settling her administration account, is entitled to be credited with the whole of $707.59, the balance of the personal property, or it belongs to her at least for her life, by the terms of the will. She has received it as such, as is apparent from the facts. There is nothing, therefore, in her hands, as executrix, and the account should at least be balanced.

If the devise had been to *any other person,* and the executrix had assented to the legacy, and delivered over the property to the legatee, could there be a doubt that she would be thereby discharged from her accountability? and is she not equally so in the present case?

If the appellant has any right to be heard, it would only be in case of an application for license to sell the real estate; that perhaps he might be admitted to contest, but not the settlement of the account. Or if the account is balanced, leaving nothing due to the executrix, then he has no interest.

But again: the appellant, Weare Leavitt, cannot be heard in this matter at all.

1. He purchased the real estate, for aught that appears, and as is to be inferred from the facts, with the understanding that *therefor* he was to support Sally.

2. Courts of probate cannot notice the title derived by conveyance from an heir or devisee; they have no means to determine the validity of the conveyance. *5 Pick.* 210, *Arms* vs. *Lyman.*

*Quincy,* in reply. As to the capacity in which the executrix holds the funds, the sureties are liable for all her acts in the settlement of the estate, and they are holden for the application of such funds as the court may order to be applied. She is bound to render her account so that the amount of the trust fund may be ascertained. She may be required by the court of probate to procure new bonds. If the estate is chargeable, the appellant is interested that the amount of the trust fund should be ascertained by the court. He might be precluded by the decree.

In relation to the liability of the sureties, he referred to 4 *Mass.* 634; 9 *Pick.* 395, *Hall* vs. *Cushing ;* 13 *Pick.* 328, *Dorr* vs. *Wainwright ;* 20 *Pick.* 535, *Towne* vs. *Ammidown.*

GILCHRIST J. It is made a question in this case, whether the appellant has such an interest as authorizes him to bring the decree of the judge of probate before this court, by appeal, and to be heard in relation to the account of the executrix. The testator devises all his real and personal estate to his wife for her life, provided she should see that his daughter, Sally, had a decent support, and should pay certain legacies, and in case of the death of his wife, during the life of Sally, the estate was to become the property of his son Eleazer, he providing a decent maintenance for Sally. It becomes necessary to inquire what estate the executrix had upon the death of the testator.

It is very clear that the support of Sally is a charge upon all the estate, real and personal, devised to Lydia Wooster. It is upon the conditions of supporting Sally, and of paying certain legacies that she takes the property. There are no words importing a charge on the land in express terms. The testator says, " you shall have all my estate for life, if you will support Sally, and will pay certain legacies." The devisee accepts the gift with the condition, by entering into possession of the property. The quantity of estate devised to her is not a matter of doubt, as she is expressly limited to

an estate for life. There are numerous cases which hold that where a devise contains no words of limitation, and the payment of debts and legacies is made a personal charge upon the devisee, he takes a fee, by implication, unless there are other words in the will which limit the quantum of interest. But that question does not arise in this case, as the estate of the devisee is particularly described. Personal charges, however, do not raise, by implication, an express estate for life, into an estate in fee. *Doe* vs. *Wrighte,* 2 *B. & Ald.* 710. But although the quantity of the estate vested in the devisee is not a question for our examination, still the decisions on the point whether the charge be on the devisee, or on the land, require examination. The estate may undergo no alteration, but the cases are authorities on the question of construction.

There are numerous authorities where it has been held that the words of a will imposed a personal charge upon the devisee, and not upon the land. In *Colliers case,* 6 *Coke* 16, the devise was to the testator's brother, *he paying* twenty shillings, and this was held to be a charge upon the person. In *Doe* vs. *Holmes,* 8 *T. R.* 1, the testator devised to A., " she paying all my debts and legacies." It was held that she was bound to pay the debts and legacies at all events, and that the charge was upon her, personally. In *Goodtitle* vs. *Maddern,* 4 *East.* 496, the devise was of all the rest of the testator's property to his wife, " so that she shall pay in good time all lawful debts," and this was held to be a charge upon the person. The cases upon this subject are not altogether consistent, and it has sometimes been difficult to determine whether the words of a devise imported a charge on the person, so as to make the devisee personally liable for the debts or legacies, or whether they were to be paid out of the land. The particular inquiry before us is, whether the testator's expressions do, or do not require that the incumbrance of Sally's support shall attach upon the land into whatsover hands it may fall. His intention is to be gathered

from his expressions, having regard to the purpose he desired to accomplish, which is to be carried into effect if it may be done consistently with the rules of law.   Now the intention of the testator evidently was, to charge all his estate with the support of his daughter Sally.   His wife is to have the estate for life, and is to support his daughter.   After his wife's death, if she should die before his daughter, he gives the estate to Eleazer, and then he is to support the daughter, and after the daughter's death, Eleazer is to have a fee in the property, the word "estate" being sufficient for that purpose ; *Jackson* vs. *Delancy*, 13 *Johns.* 537; *Godfrey* vs. *Humphrey*, 18 *Pick.* 537.   And it is to be noticed that the only devise free from any condition or restriction whatever, is the devise to Eleazer after the decease of the daughter.   He meant to provide a fund, out of which his daughter would be sure of a support.   If he had meant that such support should be simply a personal charge upon his wife, there would be no reason for the subsequent provision that Eleazer should provide it, and in no other way can this second provision be accounted for.

In the case of *Fox* vs. *Phelps*, 17 *Wend.* 393, the testatrix devised lands to her sons Henry and Isaac, " but on this condition, that after my decease the said premises, &c., be let, and the monies arising therefrom shall go and be applied by my executors for the maintenance, support and education of my two children."   It was held that this provision for the support of the children was a charge on the land in the hands of the devisees.   Where an executor is devisee of the real estate, a direction even to *him*, (though describing him as executor,) to pay debts or legacies, will make them a charge on the realty.   In *Alcock* vs. *Sparhawk*, 2 *Vernon* 228, the testator devised lands to A., his heir at law, and his heirs ; he then gave a legacy to B., to be paid to his executor within five years after his decease, and appointed A., his executor, desiring him to see the will performed.   It was held that the legacy was a charge upon the land devised to A.

A legacy is chargeable on land, where, from the whole will, it appears that such was the intent of the testator, although the land is not expressly charged with its payment. *Kelsey* vs. *Deyo*, 3 *Cow.* 133.

In the case of *Pickering* vs. *Pickering*, 6 *N. H.* 120, the testator devised certain lands to the defendant, provided he should pay the plaintiff $20.00, annually, during her life. A suit was brought for the legacy, and the plaintiff recovered, the legacy being treated as a charge on the land. In *Veazey* vs. *Whitehouse*, 10 *N. H. Rep.* 409, the testator devised the land of which he should die seized, to his son, and provided that the son, his heirs and assigns, should keep on the land, certain stock for his daughters, so long as they should remain unmarried. It was held that this was a legacy charged on the land, and rendered the assignee of the land liable to an action in favor of the daughters, for the expense of keeping the stock.

We are of opinion that the support of the testator's daughter Sally, was a charge upon all the estate devised to the executrix. The motion to dismiss the appeal must therefore be overruled, as the appellant, being the assignee of the land, has an interest in the settlement of the account, which he has a right to protect.

The land remains charged with the support of Sally, into whatever hands it comes. Where a devisee sold land charged with a legacy, it was decreed with interest and costs, as against the purchaser, out of the estate ; *Newman* vs. *Kent*, 1 *Mer.* 240. In *Shackleton* vs. *Shackleton*, 2 *Sim. & Stw.* 242, land, charged with a legacy, was mortgaged by a devisee, and it was sold by order of the court of chancery, in order to raise the amount of the legacy. *Sheldon* vs. *Purple*, 15 *Pick.* 528.

The charge here, is upon all the testator's estate, real and personal. If the personalty in such case be sufficient to pay the legacies, it must first be resorted to, for it is the natural and legal fund for the payment of debts and legacies. *Jack-*

son vs. *Harris ; 8 Johns.* 146 ; *Van Alstyne* vs. *Spraker,* 13 *Wend.* 586 ; *Kelsey* vs. *Deyo,* 3 *Cowen* 136 ; *Livingston* vs. *Newkirk,* 3 *Johns. Ch.* 319 ; *Lee, Appellant,* 18 *Pick.* 288 ; *Brummel* vs. *Prothero,* 3 *Vesey* 111.    The provision for the support of Sally is doubtless a legacy.    A direction, in a will to the executor, " to support the testator's aged father in sickness and in health," has been held to be a legacy.   *Farwell* vs. *Jacobs,* 4 *Mass.* 634, is an authority to this point, as are also the other cases cited by the counsel for the appellant.

We have been referred to *Davison* vs. *Gates,* 11 *Pick.* 247, as an authority showing that the sureties were liable in the present case.   But the liability of the sureties was not there discussed.   The testator devised to his wife certain real and personal estate for her life, and charged upon the income of it the support of his mother.   If that should be insufficient, the income of sixty acres of land, in addition, was to be added, and he made his wife his executrix.   She rendered her account, and charged the estate with the support of the testator's mother, and credited it with the income of the property, excepting the tract of sixty acres.   It was held that the executrix did not take a fee, and that if the income of the other property were not sufficient to re-imburse the expenses of the mother's support, the income of the sixty acres should be applied, to make up the deficiency.   The account showed a large balance against the estate, and the decision seems to have been perfectly correct, as it merely required the executrix to apply the income according to the will.    The other cases cited by the counsel on this point were not cases of legacies charged on land, and do not seem to us, therefore, precisely to meet the point now under consideration.

But this point has heretofore been considered and adjudged by this court.    In the case of *Gookin* vs. *True,* 3 *N. H. Rep.* 288, an action of debt was brought upon a probate bond, to recover certain legacies charged upon land, and the devisee of the land had entered upon it.   It was held that the

legacies could not be considered a charge upon the estate generally, which the executor was bound to pay; that their nonpayment was not a breach of the condition of the bond, and that the action could not he maintained. It was said that the devisee was the debtor, and not the estate of the testator. It is also to be inferred from the case of *Veazey* vs. *Whitehouse*, 10 *N. H. Rep.* 410, that where the charge is upon the land, the executor is not liable upon his bond. An action of assumpsit was brought, in that case, against the assignee of the land charged with the support of the testator's daughters, and maintained, and such was the case, also, in *Pickering* vs. *Pickering*, 6 *N. H. Rep.* 120.

The executrix may be considered as being in the same position she would occupy, if she were executrix merely, and a third person were legatee. So far as regards the support of the daughter, in that case, her only duty would be to deliver the property to the legatee, that he might execute the trust. In rendering her account, she might charge herself with the property as executrix, and she might discharge herself by transferring it to the trustee.

Here the two characters are united in one person, but it appears to us that the liabilities of each are as distinct as if the persons were different. If another person had been the trustee, the sureties of the executrix would not have been liable for the performance of the trust. Where the duties of each character are distinguishable, why should the sureties for the performance of the ordinary duties of an executrix, be holden for the performance of duties of a different character? And our opinion is, that this is not a trust which the executrix is bound to perform, in order to administer the estate according to the condition of the bond, and that the sureties are not liable.

In relation to the costs, in this case, which we have been requested to determine upon, our opinion is, that neither party is entitled to costs. Of the questions submitted to us, some have been determined in favor of the appellant, and some in

favor of the appellee, and as neither party has been entirely right in the positions respectively assumed, we do not think that either is entitled to costs against the other.

The executrix is entitled to charge the support of the daughter against the amount of the inventory of the personal property, and after the opinions above expressed, there will probably be no difficulty in settling the account. The executrix not being chargeable with the property, in her capacity as executrix, there is no balance either way, according to the report of the auditor, and the case must be remitted to the court of probate, for farther proceedings. A reversal of the decree is necessary, as upon the account as it now stands, a balance of $24.91 is found in favor of the executrix.

*Decree reversed.*