# CARROLL,

## JULY TERM, A. D. 1855.

---

## COPP, AP'T. *v.* HERSEY & *ux.*, AP'EES.

When real estate is charged with the payment of a legacy, or with the support of a person, it remains subject to the charge, into whosesoever hands it may come, until the legacy is paid, or the support ceases to be required.

A testator may charge all his real and personal estate with a legacy.

Where an executor takes an estate charged with the support of any one, and gives bond to pay debts and legacies, his estate is liable for such support and legacies.

If a widow waives the provisions of her husband's will, she is entitled to her legal share in his estate, chargeable, however, with her proportion of any contingent liabilities to which the estate may be subject.

Where the widow of C. waived the provisions of her husband's will, and his estate was liable to a contingent legacy, and also to the support of the testator's sister, should she require it—*held*, that dower might be assigned to the widow in her husband's estate, and that she might also receive her distributive share of his personal estate, upon giving bond to pay such portion of the legacy and such part of the support as the whole amount received by her, real and personal, bore to the whole estate.

APPEAL, from the decree of the judge of probate.

On the 14th of March, 1841, William H. Copp made his will, by which he gave certain real estate to his sons, Isaac N., William, and Dearborn Copp. To his four daughters, Mrs. Carney, Mrs. Fox, Mrs. Burleigh, and Mrs. Piper $500, each, and all his stock in the Wolfborough Bank. To his grandson, William C. Burleigh, $100, when he should become twenty-one years of age. To his daughter, Martha

Ann Copp, $500, to be paid when she is married, and also as much as the other daughters have had. He also gives to her " a good and comfortable support out of my estate during the term of her natural life, if she shall not be married, and if so, till her marriage ; and I do hereby charge my estate with her maintenance as aforesaid."

The residue of his estate he gave to his son Langdon, subject to the payment of his debts and legacies, and made him his executor, and died on the 14th of March, 1841.

Langdon gave bond to pay the debts, legacies, funeral expenses, &c. He returned no inventory and settled no account, and nearly all the property of which he died possessed he received under his father's will.

On the 28th of April, 1848, Langdon Copp made his will, by which he bequeathed to his wife one dollar.

He gave to his brother Dearborn the " Glidden farm."

To his brother William $200.

To his sister, Mrs. Piper $100.

To Mrs. *Fox $100.*

To Mrs. Burleigh $100.

To his daughter Elizabeth Adelaide $3000, payable when " she should arrive at the age of twenty-one, and not before ; nor is she to be considered as having any title whatever to it till she shall become twenty-one years old."

To his brother, Isaac N. Copp, all the residue of his property, " subject to this incumbrance, that he is to maintain and support, in a comfortable manner, my sister, Martha Ann Copp, so long as she shall live, and shall maintain and educate in a suitable manner my daughter, Elizabeth Adelaide, in his family until she shall arrive at the age of twenty-one years, and all the property which I do hereby give him is to be considered subject to the support and maintenance of my said sister and my daughter as aforesaid."

He also appointed his brother Isaac guardian of his daughter, and died on the 23d of May, 1848.

On the 12th of September, 1848, Isaac N. Copp returned

an inventory of the estate, amounting to $9076,78, of which $3743,94 was personal estate.

On the 13th of June, 1848, Mrs. Copp, the wife of Langdon, waived the provisions of the will, and petitioned the judge of probate for an allowance, and $500 was decreed her, and in July, 1848, dower was assigned her.

Elizabeth A. Copp is the only child and heir of Langdon Copp, and at the time of his death was between three and four years old.

On the 6th of April, 1852, Isaac N. Copp settled his administration account, in which he was allowed for the support of Martha Ann Copp up to August 12, 1851, 163 weeks, at $1,50 per week, the sum of $244,50.

In the month of February, 1849, Sarah Ann Copp, the widow of Langdon Copp, married Andrew L. Hersey, and on the 6th of April, 1852, he and his wife petitioned the judge of probate that one-third of the personal estate remaining in the hands of the executor ($3653,14) might be decreed to her. On the same day the account was allowed, and one-third of that sum, being $1217,71, was decreed her according to her petition, as her distributive share in the personal estate, leaving a balance in his hands of $1690,92.

From this decree, on the 22d of May, 1852, Isaac N. Copp appealed. The reasons for the appeal were,

1. That the personal estate was subject, in the hands of an executor, to a trust, and could not lawfully be distributed while that trust existed; that William H. Copp, the father of Langdon, charged his estate with the support of his daughter Martha Ann, and made Langdon his residuary legatee, and he made Isaac his residuary legatee, who received the personal property, knowing that it was charged with the payment of $500, and with the support of Martha Ann, who is still living.

2. Langdon Copp gave a bond to pay the debts and legacies of his father William, and the legacy of $500, given to Martha Ann, is a charge on the estate of Langdon, as is

also the provision for Martha's support, which required that the balance of personal estate remaining in Isaac's hands, after the payment of Langdon's debts, should be retained by Isaac.

3. The sum of $244,50, charged in Isaac's account for the support of Martha, was not deducted from the amount of personal estate in his hands, out of which the distributive share was decreed to be paid ; but the share was first taken out, and the charge for the support of Martha was postponed to it, whereas it should have been preferred before the distributive share, as by furnishing that support Isaac did, in fact, pay a legacy which Langdon had bound himself to pay.

It appeared that Martha was forty years old, in good health, but for a long time somewhat unsound in mind. She was competent to do the ordinary work of a family, and for most of the time for three years before Langdon's death, she did most of the work in his family. Since then she has worked most of the time in Isaac's family. Ten years ago she was ill, and her health became impaired, but for the last five years she has been able to do her usual work.

The case was committed to an auditor, from whose report and the appeal papers the above facts are gathered.

*Bell*, with whom was *Batchelder*, for the appellant.

William H. Copp, by his will, bequeaths a support to his daughter, Martha Ann Copp, and charges the whole residuum of his estate with it. He makes Langdon Copp his residuary legatee and executor, who gave bond for the payment of debts and legacies. Langdon Copp, by his will, gives to I. N. Copp the residue of his estate, subject to the incumbrance of the support of said Martha Ann and of his daughter, and he makes the bequest subject to those legacies. Langdon Copp's widow waived the provision of the will, and had dower assigned to her in the estate, and received

Copp v. Hersey.

an allowance of $500, and she, with her husband, now claims one-third of the personal property of the estate as her distributive share, without deduction on account of the liability of the estate for the support of Martha Ann Copp. The only question, as we conceive is, whether I. N. Copp is liable as executor for the support of Martha Ann, and the payment of $500, in case she shall become entitled to it. If he can be compelled, in his character of executor, to discharge this legacy, he has a right to be allowed for the amount on the settlement of his account, and the distribution should be only of the balance of the estates; and he should be allowed also to retain enough of the estate to discharge his accruing liability on account of this legacy. But the appellees contend that he is liable for this, in some manner, on account of its being a charge upon the real estate. But the decree itself allows him, as executor, for the payments which he had already made, though it postpones the charge to the widow's claim to a distributive share, and the legacy is charged, by W. H. Copp's will, both upon the real and personal estate. And upon the giving a bond, by Langdon Copp, for the payment of the debts and legacies, the whole estate was exonerated from this charge, and became vested in him, and the bond was thenceforward the only security of legatees or creditors. *Batchelder* v. *Russell*, 10 N. H. Rep. 39; *Clark* v. *Tufts*, 5 Pick. 337. And Langdon Copp thus became personally liable for the support of his sister, and this debt cannot be distinguished from any other which he had incurred. His executor may be sued as such, and compelled to pay it, and it should, therefore, be allowed him on the settlement of his account. If it be said that I. N. Copp pays this legacy, not as executor, but because he holds real estate charged with the payment, it may be replied that he holds the personal estate subject to the same charge, and that this should be first applied to its discharge. *Leavitt* v. *Worster*, 14 N. H. Rep. 551; 3 Johns. Ch. Rep. 312; 3 Cow. 133.

This was a preëxisting debt of Langdon, and not a charge originally created by his will, and I. N. Copp took both his real and personal estate "incumbered" by its liability to support M. A. Copp; and it would be unjust that the appellees should be permitted to take their share in it as an unincumbered estate. By the legislation of this State, the whole property of every decedent is charged with the payment of his debts, which, of course, go in diminution of the amount to be distributed. The appellee has already had her dower assigned in the realty, as an unincumbered estate, though she should, upon the ground she assumes, that there is a subsisting law charge upon the land, have contributed to discharge this legacy. *Clough* v. *Elliott*, 3 Foster's Rep. 182.

It is immaterial, so far as the right of the widow to a distributive share is concerned, whether it is paid by the appellant in the character of legatee or of executor. It was an incumbrance upon the estate, which should, in either case, be deducted in arriving at its net amount for distribution. Otherwise, the widow will receive more than she would if the estate had been intestate.

*Hobbs & Sanborn*, for the appellees.

The third reason of appeal is a corollary from the first and second, and does not require any answer, if the first and second are not tenable.

The appellant contends that, notwithstanding the will of Langdon Copp, Sarah Ann is not entitled to her share, as distributed to her by the judge of probate by his decree.

Sarah Ann Copp, the widow of Langdon, waived the provision made for her in his will, and having done this, was entitled, in addition to her dower, to a proportion of the personal estate, after the payment of the debts and expenses of administration, not exceeding one-third of such estate. Rev. Stat. ch. 165, § 13.

Had Langdon Copp died intestate, his estate would have

Copp *v.* Hersey.

been chargeable, among other things, with the support and maintenance of his daughter, Elizabeth Adelaide, until she should arrive at the age of seven years, the estate being, in fact, solvent. Rev. Stat. ch. 159, § 14.

But as Langdon, in fact, died testate, his daughter was not entitled to her support under the provision of the statute, being provided for in his will.

Sarah Ann Copp having waived the provisions made for her in the will, and Langdon Copp having left but one child, his heir at law, became entitled to the same share of his personal estate to which she would have been entitled had he died intestate. Rev. Stat. ch. 156, § 12; ch. 165, § 12.

The appellant, in his account of administering the estate of Langdon Copp, credited the estate—

For personal estate, inventoried,...............$3801 78
For personal estate, not inventoried,··········......  10 50
For interest on the balance,.................... 675 82
                                                    ————
                                                    4488 10

And charged said estate—
For paid widow of deceased,...........$500 00
For paid funeral expenses,.............  8 00
For paid expenses of last sickness,....... 35 50
For paid sundry debts of deceased,...... 107 21
For paid expenses of administration,..... 111 50
For paid for grave stones and erecting,... 21 00
For paid executor's private account,..... 51 75
                                          ————  834 96

        Balance,........................... 3653 14
                                             ————
        One-third part of $3654,14 is.......... 1217 71

This sum the judge, by his decree, allowed Sarah Ann, the widow, as her distributive share of the estate of Langdon Copp, after the payment of the debts and expenses of administration, &c. To this the appellant objects, but we say

that he should be estopped from maintaining his appeal, for knowing the facts, he accepted the trust of executor of the will of Langdon Copp, gave bond, returned an inventory of the estate, and in his account of administering the estate of said Copp, credited the estate with the amount of the personal estate, and charges the estate for various sums paid out, and among others, the sum of $500, paid to his brother William and three sisters, for legacies, without naming or alluding to said trust.

Isaac N. Copp did not, by being appointed executor of the will of Langdon Copp, become trustee of the personal estate devised to Langdon Copp, chargeable with the legacies to Martha Ann Copp, by her father, William H. Copp, even if the personal estate was chargeable with the support of Martha Ann, after Langdon Copp gave bond conditioned to pay debts, &c.

Isaac N. Copp being appointed executor of Langdon Copp, did not become executor of William H. Copp. Rev. Stat. ch. 158, § 8.

Any payment made by him in the character of a representative of the estate of William H. Copp, was made in his own wrong.

When Langdon Copp gave bond with condition only to pay funeral charges, debts and legacies, the personal estate of the testator not being specially devised, vested in him absolutely, and he had a right to convey the same. *Bachelder* v. *Russell*, 10 N. H. Rep. 39; *Tarbell & a.* v. *Whiting*, 5 N. H. Rep. 63.

William H. Copp did not intend to charge the legacy to his daughter Martha Ann, for her maintenance on his personal estate.

He devises his real estate, subject to the payment of his just debts and legacies; and the residue of his personal estate after the payment of his just debts and legacies.

It cannot be pretended, then, that the testator intended by his will to specially charge his debts on his personal estate,

as he expressed to be his intention in case of the real estate.

In this case, the remedy of the legatees is solely on the bond for the personal estate of William H. Copp.

Langdon Copp took the real estate, subject to the charge of the legatees, &c. They are a lien on the real estate, and so remain, even after the real estate is devised or conveyed, and in the hands of any one to whom the land may come. *Veasey & a.* v. *Whitehouse*, 10 N. H. Rep. 409; *Pickering* v. *Pickering*, 15 N. H. Rep. 281; *Piper* v. *Piper*, 2 N. H Rep. 439; *Pickering* v. *Pickering*, 6 N. H. Rep. 121; *Leavitt* v. *Worster*, 14 N. H. Rep. 550.

The devise to Martha Ann Copp, by her father, William H. Copp, for support and maintenance, and by Langdon Copp, for the same purpose, are legacies to her. *Leavitt* v. *Worster*, 14 N. H. Rep. 550; *Pickering* v. *Pickering*, 15 N. H. Rep. 281; *Farwell* v. *Jacobs*, 4 Mass. Rep. 634; *Richards* v. *Merrill*, 13 Pick. 405; *Sheldon* v. *Purple*, 15 Pick. 528; *Baker* v. *Dodge*, 2 Pick. 619.

This support is a vested legacy to Martha Ann Copp.

The devise of $500, to be paid her when she should be married, &c., is a contingent legacy, and depends upon Martha Ann Copp's marrying, and will fail if she die before the prescribed event. 1 Jarman on Wills 764, 750.

II. No right existed for the claim of $500, as a vested legacy for Martha Ann Copp, even against the estate of her father, William H. Copp; then clearly not against the estate of Langdon Copp.

The legacies to Martha Ann Copp by William H. Copp, are specifically charged on that part of his real estate devised to Langdon Copp as residuary legatee. The most of this real estate and the residue of the personal estate of Langdon Copp, are by him devised to the appellant, as residuary legatee, specifically charged with the support and maintenance of Martha Ann Copp.

Here, then, Isaac N. Copp took real estate charged with

the support of Martha Ann Copp, by the will of William
H. Copp and by the will of Langdon, and the personal es-
tate of Langdon Copp, charged with the same support by
Langdon ; and Isaac has received and treated the estate as
the estate of Langdon Copp ; and yet when the widow of
Langdon claims her distributive share, Isaac contends that
the personal estate that he has thus treated was not abso-
lutely the estate of Langdon, but that it was subject to a
lien for the security of the legacies given to Martha Ann, in
the will of William.

But Isaac has received the estate subject to this charge,
and, therefore, became bound, both in law and in equity, to
furnish this support. This claim on the property by him
arises under the will of Langdon Copp, and his liabilities
arise under the same will. The claim of Sarah Ann to her
distributive share of the personal estate of Langdon, is par-
amount to the claim of Isaac under the will. He is at-
tempting to commit a fraud on the widow, by taking her
distributive share to pay a legacy which he has received
from Langdon, and still retains ample means to pay, and
has become bound, both in law and in equity, to pay.

Martha has a legal right to claim her support under the
provision in the will of William H. Copp, and his estate is
holden for the same in the possession of Isaac N. Copp, he
knowing of the charge when he took the estate. *Pickering*
v. *Pickering*, 15 N. H. Rep. 281; *Leavitt* v. *Worster*, 14
N. H. Rep. 550 ; *Veazey* v. *Whitehouse*, 10 N. H. Rep. 409.

She may recover her legacy by action of assumpsit of
Isaac N. Copp. *Piper* v. *Piper*, 2 N. H. Rep. 439 ; *Judge
of Probate* v. *Kimball*, 12 N. H. Rep. 165. Or she may
proceed directly against the land. *Judge of Probate* v. *Kim-
ball*, before cited.

Supposing Martha Ann can enforce her remedy through
the bond of Langdon Copp, as executor of William H.
Copp, which she cannot do in an action against Isaac N.
Copp, still Isaac N. Copp or the property devised to him by

Copp *v.* Hersey.

Langdon Copp, on due proceedings had, must be ultimately liable. He has possession of the property, and the law implies a promise to pay the legacies. *Pickering* v. *Pickering*, 6 N. H. Rep. 120; *Pickering* v. *Pickering*, 15 N. H. Rep. 281.

Should Martha Ann claim her legacy under the will of William H., Isaac N., and the real estate devised to him by Langdon, would be liable to pay it. He might tender the legacy to her, and such tender would be good, he and his property being liable for the legacy.

In doing this, he could not act as the representative of the estate of William H., and make a payment, to be deducted from the distributive share of Sarah Ann, but as devisee of Langdon, and representative of his estate, and in discharge of a liability he incurred by his taking the estate devised to him by Langdon.

All his right to intermeddle with the estate of Langdon is derived from his will, when proved, and if he claims the benefits of that will, he must take the devise *cum onere.*

There is still another view of this case which, it is submitted, leads to the same result.

William H. Copp charged his estate, among other things, with the legacies to Martha Ann, and devised a large portion of that estate subject to that charge to Langdon Copp as residuary legatee. Isaac N. Copp, the appellant, contends that Langdon became trustee of the estate so devised. If such be the law, Langdon, by his will, devised this same estate, held in trust, which he had full power to do, to Isaac N. Copp.

Isaac N. Copp coming into possession of the property charged with that trust, with notice of the trust, must be considered as trustee, and bound with respect to that property and the execution of the trust. 2 Mad. Ch. 125; *Daniel* v. *Davidson*, 16 Ves. 249.

William H. Copp did not charge the whole estate with the legacies to Martha Ann, devised to Langdon Copp. The

most that can be said is, that he charged the legacies on the whole estate. Langdon Copp had an interest in the estate devised to him, subject to the legacies. This estate he devised to Isaac N., subject to the charge of the legacies to Martha Ann, with the further charge, in his will, of the comfortable maintenance and support of Martha Ann. Isaac N. Copp having accepted the devise in the will of Langdon, must discharge his liability for the support of Martha Ann, incurred by accepting the devise. His whole claim to the devise is subject to the right of the widow of Langdon to her distributive share, for by claiming under the will of Langdon, and settling his account as administrator of Langdon, he acknowledges the estate to have been Langdon Copp's.

This property was not received by Isaac N. Copp for a specific purpose. It was received liable to pay a particular legacy. It appears by the decree of the judge of probate, that after the payment of all the sums charged by Isaac N., in his administration account, and allowing Sarah Ann, the widow of Langdon, her distributive share, there remains in the hands of Isaac N. $1690,92 for distribution. From this sum the legacy of $500 to Martha Ann should be paid. There would then remain in the hands of Isaac N. $1190,92. It may be contended by the appellant that the $500 legacy should be deducted before the distributive share of Sarah Ann is allowed. This would reduce the distributive share of the widow from $1217,71, as allowed by the judge of probate, to $1051,04, and increase the balance remaining in the hands of Isaac N. Copp, for his own benefit, from $1190,92 to $1857,59. This cannot be either equitably or legally done. Sarah Ann, the widow, and Isaac N., both derive their right from Langdon Copp; he by virtue of the will, and she by force of law. As to her right, the will is by the statute made void; therefore her right to her distributive share is paramount to his right as residuary legatee.

EASTMAN, J.   No question arises concerning the legacies
to the brothers and sisters of Langdon Copp.   These lega-
cies have all been paid, and no objection has been made to
their payment, on the ground that they were taken from a
fund which was charged with a trust, and that the fund
should not be reduced by deducting them from it.

The report states that most of the property of Langdon
Copp was inherited by him from his father, William H.
Copp.   The inference is that he left some property which
was not derived from that source, but as the amount is not
stated, we must, perhaps, regard the case as if it all came
from his father.   If so, all the property that he left, being
that of his father, would be charged with the legacy to Mar-
tha, contingent upon her marriage, and also with her sup-
port.   Leavitt v. Worster, 14 N. H. Rep. 550; 3 Johns. Ch.
Rep. 312; 3 Cowen 133; Veazey & a. v. Whitehouse, 10
N. H. Rep. 409; Pickering v. Pickering, 15 N. H. Rep.
281; Sheldon v. Purple, 15 Pick. 529.

The same authorities show that this devise to Martha
was a legacy to her; and, consequently, the giving of the
bond by Langdon Copp to pay debts and legacies would, at
law, make the devise chargeable upon Langdon, and upon
his estate.

Whether, therefore, we treat the legacy to Martha and
her support as a charge upon the estate of William H.
Copp, in the hands of Langdon, or as a liability upon Lang-
don's estate consequent upon his giving bond to pay debts
and legacies, it becomes a charge against the estate left by
Langdon.

Were Martha married, so as to make certain and fixed
the sum given her by her father, the amount would have to
be first paid by Langdon's executor, before any distribution
could take place; for it would be a charge to be satisfied
before distribution could be made.   But inasmuch as she is
not married, and it is impossible to say what sum will be
required to fulfil the intent and provision of her father's will,

towards her, and all is contingent, we see no objection to the widow of Langdon receiving the amount of the estate decreed to her by the judge, upon furnishing security to respond, in case Martha shall call for her legacy, and to pay her proportionate share of her support. *Clough* v. *Elliott*, 3 Foster's Rep. 182.

The real estate which William H. Copp left will always be liable for the charges upon it in favor of Martha, in whosesoever hands it may be found; and as to the personal left by Langdon, the widow, having waived the provisions of the will, is as much entitled to have her share of it in her hands, on giving good bonds, as the executor, by giving his bonds. The will is not paramount to the law, nor can this executor, as against the provisions of the law, hold all the personal estate which Langdon left, as trustee for Martha. He is not the executor of William H. Copp, but of Langdon, and this widow claims her rights in his estate by law, and not by the will.

The provision of Langdon Copp's will, in regard to his wife, is a very singular one, but it is quite clear that she is not obliged to abide by it; and it is equally clear that he could make no charge on his estate by his will, which would deprive his wife of the interest in it which the law gives her. She is entitled, in such a case as this, to the share of a child, not exceeding one-third of the estate. Rev. Stat. ch. 165, § 13. So far as the widow is to be regarded, the estate is to be settled as an intestate estate. She has and takes her share in it, subject to the charges which the law makes upon it, and no others. She cannot herself take by law, and then turn round and require the executor to be charged with the provisions of the will, and fasten upon him the legacy and support of Martha. She must stand by the will or by the law. Neither can the executor deprive the widow of what the law settles upon her. The will gives him no such power.

The widow, then, having an equal right, with the daugh-

Copp v. Hersey.

ter, to one-third of the personal estate, her right cannot be made subordinate to that of the daughter; nor can her share be made chargeable with the daughter's support. But as the whole estate is liable for the support of Martha and the legacy to her, whatever portion of it comes into the hands of the widow, is subject to a proportionate charge.

She has not received one-third of the whole estate, but one-third of the realty as her dower.

The estate was inventoried at $9076,78.

Real estate $5275,00.

| | | |
|---|---:|---:|
| She has received one-third of the real estate,.....$1758 00 | | |
| Allowance,............................$500 00 | | |
| Distributive share, by decree,...........1217 71 | | |
| | 1717 71 | |
| Whole amount received by her,................. | 3475 71 | |
| Personal estated, inventoried,...........3801 78 | | |
| Credited by executor,................. 686 32 | | |
| | 4488 10 | |
| Deduct charges exclusive of allowance,......... | 334 96 | |
| | 4153 94 | |
| Real estate,.............................. | 5275 00 | |
| Whole estate,............................. | 9428 14 | |

The widow, then, should contribute such a part of the charges in favor of Martha, whenever legally called for, as her share in her husband's estate bears to the whole estate.

The decree, giving to the widow her distributive share without reserve, must be reversed, but should be made to take effect as soon as she or the appellees shall furnish security to the executor, satisfactory to the judge of probate, that she will pay such a part of the charges of William H. Copp's will, in favor of Martha, as $3475,71 bears to the

sum of $9428,14, (the whole estate,) so long as she shall hold her dower; and at the termination of that, such a proportion as $1717,71 bears to the whole estate.