# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2024-0001, <u>In re The Omega Trust</u>, the court on November 25, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The petitioner, David J. Apostoloff, appeals an order of the Circuit Court (<u>Christo</u>, J.), following an evidentiary hearing on remand from our opinion in <u>In re Omega Trust</u>, 175 N.H. 179 (2022), denying his petition to validate a purported amendment to the Omega Trust by its settlor during the settlor's lifetime. <u>See</u> RSA 564-B:6-602(c) (2019). The petitioner argues that the trial court erred by determining that the settlor did not substantially comply with the method for amending the relevant revocable trust set forth within it, <u>see</u> RSA 564-B:6-602(c)(1), and that there was no clear and convincing evidence of the settlor's intent to amend the trust in accordance with a series of emails reflecting the purported amendment, <u>see</u> RSA 564-B:6-602(c)(2); <u>Omega Trust</u>, 175 N.H. at 185. We affirm.

By statute, "[t]he findings of fact of the judge of probate are final unless they are so plainly erroneous that such findings could not be reasonably made." RSA 567-A:4 (2019); <u>see In re Keeler Maint. Fund at Dartmouth Coll.</u>, 176 N.H. 87, 91 (2023). "Consequently, we will not disturb the probate division's decree unless it is unsupported by the evidence or plainly erroneous as a matter of law." <u>Keeler Maint. Fund at Dartmouth Coll.</u>, 176 N.H. at 91.

The trust at issue was one of several trusts that the settlor created as part of a complex estate plan. The trust contained the following relevant terms regarding its amendment:

> 19. <u>AMENDMENT AND REVOCATION</u>. The [settlor] reserves the right at any time or from time to time without the consent of any person and without notice to any person other than the Trustee to revoke or modify the trust hereby created, in whole or in part, to change the beneficiaries hereof, or to withdraw the whole or any part of the trust estate by filing notice of such revocation, modification, change, or withdrawal with the Trustee; provided, however, that the terms of this agreement may not be modified by the [settlor] in such manner as to increase the obligations or alter the rates of the commissions of the Trustee without its written consent.

. . . .

22. EXECUTION. This trust agreement, and any amendments hereto, shall be effective when executed by the [settlor], notwithstanding that the signature of the Trustee is provided for, the Trustee's signature being intended to denote the acceptance of the Trustee to serve in that capacity only.

This trust agreement may be executed in any number of counterparts with the same effect as if all of the parties had signed the same document. All counterparts shall be construed together and shall constitute one agreement.

In his petition, the petitioner sought to establish that a series of emails between the settlor and his estate planning attorney shortly before the settlor's death reflected an enforceable amendment to the trust pursuant to RSA 564-B:6-602(c), which provides:

The settlor may revoke or amend a revocable trust:

(1) by substantial compliance with a method provided in the terms of the trust; or

(2) by any other method manifesting clear and convincing evidence of the settlor's intent if the terms of the trust do not provide a method or do not expressly prohibit methods other than methods provided in the terms of the trust.

RSA 564-B:6-602(c).

In Omega Trust, we reversed the trial court's dismissal of the petition for failure to state a claim, concluding that the petitioner had adequately pleaded an alternative method of amending the trust for purposes of RSA 546-B:6-602(c)(2), namely, "an expression of intent to amend [the trust] by email." See Omega Trust, 175 N.H. at 185. We remanded the matter for the circuit court to determine the settlor's intent in the first instance. Id. Because we concluded that the petitioner had adequately pleaded an alternative method for amending the trust, we did not address whether the petitioner had pleaded sufficient facts to establish that the settlor had substantially complied with the method for amending the trust set forth within it. See id. at 183-84.

On remand, the trial court held an evidentiary hearing over the course of four days. In denying the petition, the trial court observed that "[w]hile it is possible that [the settlor], knowing he was dying [at the time of the relevant email thread with his attorney], may have intended that his wishes in the email

2

exchange . . . be final, it is equally possible they were not." The trial court noted that the settlor's attorney understood, based upon the email exchange, that he had been directed to draft documents in accordance with the email exchange, and that testimony from multiple witnesses who knew the settlor well, including his attorneys, established that the settlor likely would have engaged in multiple rounds of edits to the documents, including substantive edits, had he not died before the attorney could prepare the documents. The trial court further noted: (1) the email exchange contained no definitive language indicating that the changes were the settlor's final plan; (2) the settlor had no phone conversation with his estate planning attorney regarding the changes; (3) on the evening prior to his death, the settlor demonstrated his understanding that further action would be required before changes reflected in the email exchange would be effectuated; and (4) there was no evidence establishing that the settlor did anything to manifest an intent to adopt the email exchange as an amendment to the trust, such as signing a printed copy of it or forwarding it to the trustee.

The trial court concluded that, "[l]ooking at the totality of the evidence, there is no reason to believe that the plan described in the [email exchange] is either complete or final. It is reasonable, based on [the settlor's] past conduct, that further changes may have been made." Accordingly, although the trial court noted that the settlor "was clearly in the process of trying to amend his estate plan when he died," it determined that the petitioner had failed to prove, by clear and convincing evidence, that the settlor's "manifestation of intent was complete, given his life-long prior practice of editing and revising documents." Likewise, the trial court determined that the settlor had not substantially complied with a method for modifying the trust as established by its terms.

On appeal, the petitioner argues that, because the email exchange included edits by the settlor to his attorney's summary of anticipated changes, because the settlor intended to change his estate plan, because the settlor told the trustee of his intent, and because the settlor was terminally ill, the trial court erred by finding a lack of clear and convincing evidence that the email exchange reflected a complete manifestation of his intent. The petitioner further argues that, because the settlor told the trustee that he intended to modify the trust, the settlor "substantially complied" with the trust's requirement to "fil[e] notice" of the amendment with the trustee. We disagree.

Whether the email exchange reflected a manifestation of the settlor's intent to amend the trust "is a question of fact to be determined by competent evidence and not by rules of law." Id. at 185 (quotation omitted). "Clear and convincing evidence" means "[e]vidence indicating that the thing to be proved is highly probably or reasonably certain." Black's Law Dictionary 697 (12th ed. 2024). "Substantial compliance" generally encompasses minor deviations or technical violation from required procedures. Cf. Kibbe v. Town of Milton, 142

N.H. 288, 292 (1997) (discussing substantial compliance doctrine applicable to election statutes); Barcomb v. Herman, 116 N.H. 318, 320 (1976) (same).

It is the petitioner's burden, as the appealing party, to demonstrate reversible error. See Gallo v. Traina, 166 N.H. 737, 740 (2014). Here, the trial court found that, although the settlor was in the process of amending his estate plan when he died, the email exchange did not reflect the final or complete manifestation of his intent to amend his estate plan, including the trust at issue. Thus, there was no amendment to which the settlor had manifested intent, or of which the settlor could have provided notice to the trustee in substantial compliance with the amendment provisions of the trust. Based upon our review of the trial court's thorough and well-reasoned decision, the petitioner's arguments, the relevant law, and the record submitted on appeal, we conclude that the petitioner has not established that the trial court's decision was unsupported by the evidence or plainly erroneous as a matter of law. See id.; Keeler Maint. Fund at Dartmouth Coll., 176 N.H. at 91.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**

4